**William CHOICE, Appellant**

v.

**Richard A. GIBBS and Mary C. Edwards, Appellees.**

No. 14–05–01068–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 12, 2007.

John C. Osborne and Robert Teir, Houston, for appellants.

A. Scott Alford, Derek Daniel Bauman, Edgar Saldivar, Houston, for appellees.

Panel consists of Justices FOWLER, EDELMAN, and FROST.

## SUBSTITUTE OPINION[1]

KEM THOMPSON FROST, Justice.

In this negligence case, a contractor appeals a no-evidence summary judgment

---

1. We overrule appellees' motion for rehearing, withdraw the opinion issued on February

rendered in favor of the homeowners he sued after allegedly suffering an electrocution while performing work on their premises. Concluding that a genuine issue of material fact as to causation precludes summary judgment, we reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant/plaintiff William Choice was installing a bathtub at the residence of appellees/defendants Richard A. Gibbs and Mary C. Edwards. Choice alleged that while at their home to perform this work, he came into contact with loose wires protruding from the walls on the staircase, and, as a result, he was electrocuted. Although he attempted to continue the bathtub installation, Choice grew very weak and had difficulty breathing. An on-site co-worker called an ambulance, which arrived at the scene immediately. Choice underwent an electrocardiogram ("EKG") and several other diagnostic tests, and was informed that he had suffered a heart attack.

Choice brought a negligence suit against the homeowners, asserting that they were negligent in leaving live electrical wires exposed at a workplace where an invitee could be electrocuted. The homeowners filed a no-evidence motion for summary judgment contending that Choice had no evidence of causation. In his response to the no-evidence motion, Choice included his pleadings, his own deposition testimony, and the affidavit of Dr. Louis Train, a medical doctor. The homeowners filed objections to Dr. Train's affidavit. In a filing in the trial court, Choice stated that he intended to supplement his response with the affidavit of Dr. Mark Levinson as evidence to support Choice's position that the alleged electrocution caused his heart attack. The homeowners filed supplemental objections against Dr. Levinson's affidavit.

Before ruling on the summary-judgment motion, the trial court sustained the homeowners' objections to Dr. Levinson's affidavit, struck that affidavit, and stated in an order that the court would not consider Dr. Levinson's affidavit. Although the homeowners submitted a proposed order for the trial court to use in sustaining their objections to Dr. Train's affidavit, the trial court did not sign this proposed order, and the record contains no ruling on the homeowners' objections to Dr. Train's affidavit. The trial court subsequently granted the homeowners' motion for summary judgment.[2]

## II. ISSUE PRESENTED

Choice asserts on appeal that the trial court erred in granting the no-evidence

13, 2007, and issue this substitute opinion in its place.

2. In its order granting summary judgment, the trial court stated that the court had "sustained, in part, Defendants' objections to these affidavits as reflected in previous orders of this Court." By this statement the trial court refers to the prior rulings of the court and does not purport to rule on any of the homeowners' objections. This statement is consistent with the trial court's previous rulings in which it sustained the homeowners' objections to Dr. Levinson's affidavit and did not rule on their objections to Dr. Train's affidavit. The trial court did not state that it had sustained or otherwise ruled on any objections to Dr. Train's affidavit. In the summary-judgment order, the trial court also states that it found the affidavits of both Dr. Levinson and Dr. Train were insufficient to carry Choice's burden to bring forth legally sufficient evidence to raise a genuine issue of fact on causation. As to Dr. Train's affidavit, this finding is consistent with the court's failure to rule on the homeowners' objections to this affidavit. Given that this court can dispose of this appeal without relying on Dr. Levinson's affidavit, we need not address the effect, if any, of this language on the trial court's prior order striking Dr. Levinson's affidavit in its entirety.

motion for summary judgment because he provided an expert affidavit stating that his electrocution was the cause of his subsequent heart attack.[3]

## III. SUMMARY JUDGMENT ANALYSIS

In reviewing a no-evidence summary judgment, we ascertain whether the non-movant pointed out summary-judgment evidence of probative force to raise a genuine issue of fact as to the essential elements attacked in the no-evidence motion. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 206–08 (Tex.2002). We take as true all evidence favorable to the non-movant, and we make all reasonable inferences therefrom in the nonmovant's favor. *Dolcefino v. Randolph*, 19 S.W.3d 906, 916 (Tex.App.-Houston [14th Dist.] 2000, pet. denied). A no-evidence motion for summary judgment must be granted if the party opposing the motion does not respond with competent summary-judgment evidence that raises a genuine issue of material fact. *Id.* at 917. When, as in this case, the order granting summary judgment does not specify the grounds upon which the trial court relied, we must affirm summary judgment if any of the independent summary-judgment grounds is meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex.2000).

It was Choice's burden to respond to the homeowners' motion for summary judgment with competent summary-judgment evidence that raised a genuine issue of material fact. *Dolcefino*, 19 S.W.3d at 917. Choice contends the summary-judgment evidence raised a fact issue as to causation. Before tackling this issue, we first address whether expert testimony was required to raise a fact issue as to whether the homeowners' alleged negligence in leaving wires exposed caused Choice's injuries.

### A. Is expert testimony required to raise a fact issue as to whether Choice's heart attack was caused by the homeowners' negligence?

 To prevail on his premises-liability theory, Choice must show that (1) the homeowners had actual or constructive knowledge of some condition on the premises, (2) the condition posed an unreasonable risk of harm, (3) the homeowners did *not exercise reasonable care to reduce or* eliminate the unreasonable risk of harm, and (4) the homeowners' failure to use reasonable care to reduce or eliminate the unreasonable risk of harm proximately caused Choice's injuries. *See CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex.2000).[4] Proximate cause has two elements: cause in fact and foreseeability. *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex.1992). The test for cause in fact is

---

**3.** In his second issue, Choice asserts the trial court erred in requiring him, in a non-medical malpractice case, to produce an expert report similar to that required by statute in medical-malpractice cases. However, the record does not reflect that the trial court required Choice to provide the type of expert report that would be required in a medical-malpractice case. Accordingly, we overrule Choice's second issue.

**4.** Choice also alleged a negligent-activity theory. Specifically, he alleged the homeowners failed to discover and remove the exposed wiring within a reasonable time, failed to

warn him of an unsafe condition, and breached their duty to keep the area where contractors would be working free and clear of exposed electrical wiring. The gravamen of Choice's complaint, however, is not that of negligent activity but that the homeowners were negligent in failing to keep the premises safe from a known, dangerous condition, that is, exposed electrical wires. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex.1992) (distinguishing between negligent-activity claim and premises-liability claim). Accordingly, Choice's negligence claim is one for premises liability rather than negligent activity.

whether the act or omission was a substantial factor in causing the injury without which the harm would not have occurred. *Marathon Corp. v. Pitzner,* 106 S.W.3d 724, 727 (Tex.2003).

■ In response to the homeowners' no-evidence motion for summary judgment, Choice had the burden to produce summary-judgment evidence that the occurrence in question was a foreseeable result of a failure by the homeowners to use reasonable care to reduce or eliminate an unreasonably dangerous premises condition, and that their failure was a substantial factor in causing Choice's injuries. *See Burroughs Wellcome Co. v. Crye,* 907 S.W.2d 497, 499 (Tex.1995). The causal link between the event forming the basis of the suit and the plaintiff's injuries must be shown by competent evidence. *Morgan v. Compugraphic Corp.,* 675 S.W.2d 729, 731 (Tex.1984). Whether expert testimony is necessary to prove a matter or theory is a question of law. *FFE Transp. Servs., Inc. v. Fulgham,* 154 S.W.3d 84, 89 (Tex. 2004); *see also Schneider v. Haws,* 118 S.W.3d 886, 893 (Tex.App.-Amarillo 2003, no pet.) (stating that expert testimony not always required to establish causation).

■ We conclude that the Supreme Court of Texas's opinion in *Insurance Co. of North America v. Kneten* answers the question of whether Choice needs expert testimony to prove the cause-in-fact prong of proximate cause. 440 S.W.2d 52 (Tex. 1969). *Kneten* was a workers' compensation case in which an employee suffered a heart attack shortly after being electrocuted on the job. *Id.* at 52–53. The employee-plaintiff, Kneten, was working while standing on a ladder and drilling a hole into a window frame. *Id.* A bare wire in the cord to the drill hit his wrist, and he felt an electric shock go through his body. *Id.* Kneten finished drilling, but his physical condition continued to worsen, forcing him to the go to the doctor. *Id.* It was

later determined that Kneten had suffered a heart attack and that he suffered from hardening of the arteries at the time of his electrocution and heart attack. *Id.*

At trial, only one medical expert, Dr. Sloan, testified. He stated that he could not say without medical doubt that the occurrence on the ladder had caused Kneten's heart attack, but that it was a "strong possibility." *Id.* Dr. Sloan testified that the electric shock " 'could have' been a contributing factor," but he did not testify that, in his opinion, the electrocution caused Kneten's heart attack within a reasonable medical probability. *See id.* at 53.

After the trial court rendered judgment in favor of Kneten based on the jury's verdict, the insurer appealed, asserting the evidence at trial was legally insufficient as to causation because there was no expert testimony showing a reasonable medical probability that the occurrence caused Kneten's heart attack. *See id.* The Supreme Court of Texas concluded that such expert testimony was unnecessary and that the evidence at trial was legally sufficient. *See id.* at 53–54. Our high court held the following was sufficient to raise a genuine issue of material fact as to causation:

(1) lay testimony providing direct evidence of the prompt onset of symptoms following electrocution, and

(2) expert medical testimony that such an electrocution could have caused the plaintiff's heart attack.

*See id.* at 54. Thus, under *Kneten,* when the onset of a heart attack occurs immediately after an electrocution, it is not necessary for an expert to testify to a "reasonable medical probability" that the electrocution caused the plaintiff's damages. *Id.*

*Kneten* was a workers' compensation case, and the case before us is not. How-

ever, the *Kneten* court did not rely upon any statute or principle unique to the workers' compensation context, and the cause in fact principles in workers' compensation cases are the same as those in common-law negligence cases such as this one. *See Parker v. Employers Mut. Liab. Ins. Co. of Wis.*, 440 S.W.2d 43, 45 (Tex. 1969) (stating that the principles in workers' compensation cases for determining whether a worker's employment was cause in fact of his injury are the same as those in common-law negligence cases for determining whether a party's negligence was cause in fact of the plaintiff's injury). Therefore, we conclude that, under binding precedent, Choice was not required to produce expert testimony that the electrocution caused his damages within a "reasonable medical probability." [5] *See Kneten,* 440 S.W.2d at 54.

## B. Is there a fact issue as to cause in fact?

■ Both in the trial court and on appeal, the homeowners assert that, although Choice suffered a heart attack, there is no evidence the heart attack was caused by any electrocution while Choice was working in their residence. There is no dispute that Choice suffered a heart attack. [6] Furthermore, the summary-judgment evidence contains excerpts from Choice's deposition in which he testifies to the prompt onset of heart-attack symptoms after being electrocuted when he touched exposed wires while working at the homeowners' residence. [7] Therefore, the first prong of *Kneten* is satisfied because there is lay testi-

5. Prior to 1989, there was no specific statute dealing with the compensability of heart attacks under the workers' compensation statute. *See Transcontinental Ins. Co. v. Smith,* 135 S.W.3d 831, 836 (Tex.App.-San Antonio 2004, no pet.). Following changes to the workers' compensation statute in 1989, a heart attack is a compensable injury under that statute only if:

 (1) the attack can be identified as:
 (A) occurring at a definite time and place; and
 (B) caused by a specific event occurring in the course and scope of the employee's employment;
 (2) the preponderance of the medical evidence regarding the attack indicates that the employee's work rather than the natural progression of a preexisting heart condition or disease was a substantial contributing factor of the attack; and
 (3) the attack was not triggered solely by emotional or mental stress factors, unless it was precipitated by a sudden stimulus.
 TEX. LAB. CODE ANN. § 408.008 (Vernon Supp.2006).
 In workers' compensation cases, a question might arise regarding the extent to which the *Kneten* opinion has survived the enactment of this statute. *See Transcontinental Ins. Co.,* 135 S.W.3d at 836. However, we need not decide that issue in this case because section 408.008 of the Texas Labor Code does not apply to this case. *See* TEX. LAB. CODE

ANN. § 408.008 (Vernon 2006). Thus, for the purposes of our analysis in determining whether the evidence raised a genuine issue of material fact as to the issue of causation, we apply the standard set forth in *Kneten*.

6. In their motion for summary judgment, the homeowners assert that Choice suffered an "acute myocardial infarction" but that it was not caused by any alleged electrocution. On appeal, we accept as true Choice's assertion in his statement of facts that emergency medical personnel informed him that he had suffered a heart attack. *See* TEX. R. APP. P. 38.1(f) (stating that, in civil cases, appellate courts will accept as true the facts stated in appellant's statement of facts unless another party contradicts them). Not only did the homeowners not contradict this statement in their appellate brief, they again asserted that Choice had suffered a heart attack but that it was not caused by any alleged electrocution.

7. In these deposition excerpts, Choice testifies as follows:
 ● Immediately upon coming into contact with the wires, he was shocked and stumbled over into his brother-in-law, who was working with him at the time.
 ● Immediately thereafter, Choice became weak and had difficulty breathing.
 ● Although Choice tried to resume installation of the bathtub, he reached a point at which

mony providing direct evidence of the prompt onset of symptoms following electrocution. *See Kneten,* 440 S.W.2d at 53–54.

The summary-judgment evidence also contains Dr. Train's affidavit, which the trial court did not strike. In this affidavit, Dr. Train states in pertinent part:

(1) My name is Dr. Louis Train. I am at least eighteen years of age, of sound mind, and capable of making this statement, and swearing to its truthfulness.

(2) I am a doctor of medicine, practicing in Houston, Texas for over 25 years.

(3) I have reviewed the medical information concerning the heart attack suffered by Willie Choice.

(4) I understand that Mr. Choice was subject to electrocution.

(5) It is my opinion, based on common medical belief, my experience, and my medical knowledge, that people with some arterial blockage are not necessarily going to suffer a heart attack. Rather, some people with this condition to [sic] suffer a heart attack, and some do not.

(6) Similarly, some people with arterial blockage may require surgery; some will not.

(7) A cardiac situation that features arterial blockage would be exacerbated by an electrocution.

(8) It is my belief, based on the medical records that I have reviewed, that an electrocution caused the heart attack suffered by Mr. Choice.

■ The homeowners assert that Dr. Train's affidavit is not admissible in evidence for various reasons, including failure to show how Dr. Train is qualified to testify and lack of reliability under Texas Rule of Evidence 702. However, this court cannot address the alleged inadmissibility of Dr. Train's affidavit because the homeowners waived their evidentiary objections to Dr. Train's affidavit by failing to obtain a ruling from the trial court on these objections. *See, e.g., Vansteen Marine Supply, Inc. v. Twin City Fire Ins. Co.,* 93 S.W.3d 516, 520 n. 3 (Tex.App.-Houston [14th Dist.] 2002, pet. denied) (holding appellee waived its numerous objections to summary-judgment evidence by not obtaining rulings from trial court); *Rogers v. Continental Airlines, Inc.,* 41 S.W.3d 196, 200 (Tex.App.-Houston [14th Dist.] 2001, no pet.) (holding that party objecting to summary-judgment evidence must obtain rulings on objections in the trial court; otherwise, the objections are waived and the evidence will be considered in reviewing the summary judgment); *Dolcefino,* 19 S.W.3d at 926–27 (emphasizing the need for a party objecting to summary-judgment evidence to obtain a written ruling on the objections and holding that, on record before it, appellate court could not presume an implicit ruling by the trial court on objections to summary-judgment evidence based on trial court's ruling on summary-judgment motion). Although the trial court concluded that Dr. Train's affidavit did not raise a genuine issue of material fact precluding summary judgment, the court never ruled on the homeowners' objections to Dr. Train's affidavit.

The homeowners also assert on appeal that Dr. Train's affidavit is conclusory, and they still may assert this argument despite their failure to obtain a ruling in the trial court on their objections. *See Coastal Transp. Co., Inc. v. Crown Cent. Petroleum Corp.,* 136 S.W.3d 227, 232 (Tex.2004) (stating that even unobjected-to conclusory testimony does not raise a fact issue).

---

he felt like he was having a heart attack and asked his brother-in-law to call an ambulance.

● An ambulance arrived and the paramedics administered an EKG and several other diagnostic tests and gave him "nitro."

However, as discussed above, the *Kneten* court concluded that a medical expert's simple statements to the effect that the electrocution of the plaintiff could have caused the plaintiff's heart attack constituted sufficient expert testimony to raise a fact issue as to cause in fact in a case in which there was lay testimony that the plaintiff experienced heart-attack symptoms shortly after being electrocuted. *See Kneten*, 440 S.W.2d at 53–54 (concluding medical expert's simple statements that there was a "strong possibility" the electrocution precipitated Kneten's heart attack and that the electrocution " 'could have' been a contributing factor" were sufficient expert testimony to raise a fact issue on causation in fact when combined with lay testimony regarding the prompt onset of heart-attack symptoms following electrocution). Under *Kneten*, Dr. Train's testimony that he believes the electrocution caused Choice's heart attack, combined with the evidence of the prompt onset of heart-attack symptoms following electrocution, also raises a genuine fact issue. *See id.* Likewise, although the homeowners claim the evidence did not raise a fact issue because there was no expert testimony based on a reasonable medical probability, the *Kneten* court held that such expert testimony is unnecessary under these circumstances. *See id.* Under the controlling precedent of *Kneten*, which this court must follow, the summary-judgment evidence raised a genuine issue of material fact as to whether the alleged negligence of the homeowners was the cause in fact of Choice's heart attack and damages. *See id.*

### C. Is there a fact issue as to foreseeability?

 We now must determine if there is a fact issue regarding the foreseeability element of proximate cause. In the context of proximate cause, foreseeability requires that a person of ordinary intelligence would have anticipated the danger created by a negligent act or omission, although it is not required that such a person would anticipate the precise manner in which injury will occur once he has created a dangerous situation through his negligence. *Read v. Scott Fetzer Co.*, 990 S.W.2d 732, 737 (Tex.1998); *Yarborough v. Erway*, 705 S.W.2d 198, 203 (Tex.App.-Houston [14th Dist.] 1985, writ ref'd n.r.e.). The question of foreseeability involves a practical inquiry based on common experience applied to human conduct. *Read*, 990 S.W.2d at 737 (quotations omitted).

In their motion for summary judgment, the homeowners challenged only the essential element of causation.[8] We already have concluded that there is a genuine issue of material fact regarding cause in fact. Therefore, in determining whether there is a fact issue as to foreseeability, we presume for the sake of argument the following:

(1) The homeowners had actual or constructive knowledge of a condition on their premises that posed an unreasonable risk of harm.

(2) The homeowners did not exercise reasonable care to reduce or eliminate the unreasonable risk of harm.

(3) The homeowners' failure to use reasonable care to reduce or eliminate the unreasonable risk of harm was a cause in fact of Choice's injuries.

We conclude that there is a genuine issue of material fact as to whether a person of ordinary intelligence would have anticipated (1) the danger created by failing to reduce or eliminate the unreasonable risk of harm caused by live electrical

---

8. Our decision in this appeal does not affect the homeowners' right to challenge other essential elements on remand, should they wish to do so.

wires extending out of a hole in the wall in a house in which contractors were working and (2) that a contractor working in the house could be electrocuted and injured by coming into contact with the exposed wires. *See Read,* 990 S.W.2d at 737 (holding there was a genuine issue of fact as to the foreseeability element of proximate cause); *Wald–Tinkle Packaging & Dist., Inc.,* No. 01–02–01100–CV, 2004 WL 2966293, at *3 (Tex.App.-Houston [1st Dist.] Dec. 23, 2004, no pet.) (mem op.) (same). Therefore, the summary-judgment evidence raises a genuine issue of material fact as to whether it was foreseeable that the homeowners' alleged negligence would cause Choice's damages.

Because the summary-judgment evidence raises a genuine issue of fact as to the essential element of proximate cause, we sustain Choice's first issue, reverse the trial court's judgment, and remand for further proceedings consistent with this opinion.[9]

9. Because there is a genuine issue of material fact without considering Dr. Levinson's affidavit, we need not and do not include that affidavit, or any issue relating thereto, in our analysis.