Joseph M. ELLIS, Appellant,

v.

**PRECISION ENGINE REBUILDERS, INC., Appellee.**

No. 01–00–00787–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 14, 2002.

William J. Rice, Jr., Rice & Associates, Houston, for Appellant.

James Elmore Hudson, III, Houston, for Appellee.

Panel consists of Chief Justice SCHNEIDER and Justices HEDGES and NUCHIA.

## OPINION

ADELE HEDGES, Justice.

Appellant, Joseph M. Ellis, sued appellee, Precision Engine Rebuilders, Inc. (Precision), for breach of contract, violations of the Deceptive Trade Practices Act (DTPA), and breach of implied warranty. The trial court rendered summary judgment for Precision. We affirm.

### Background

On October 20, 1997, Ellis bought a rebuilt engine for his Ford Pinto from Precision for $640.40. After installation, the engine did not work properly. Ellis returned the engine to Precision for a second repair on November 14, 1998. Again, the engine did not work properly. After a

third repair, Precision discovered the problem and replaced the engine head.

Ellis sued Precision for breach of contract, DTPA violations, and breach of implied warranty. Precision moved for summary judgment, arguing as follows:

(1) The DTPA claim should fail as a matter of law for two reasons:
   (a) it is actually a breach of contract action; and
   (b) it is barred by limitations.
(2) The contract claim should fail as a matter of law because Precision performed under the contract.
(3) The breach of implied warranty claim should fail as a matter of law because Ellis expressly waived all implied warranties.

Without specifying the grounds for its ruling, the trial court granted the motion and rendered summary judgment for Precision. There is no indication in the record that Ellis objected to the trial court's failure to specify the grounds on which it rendered summary judgment.

In three points of error, Ellis contends that the trial court erred in rendering summary judgment because: (1) Precision failed to perform on the contract claim; (2) the contract claim is not barred by limitations; and (3) the DTPA claim is not barred by limitations.[1]

## Summary Judgment Standard of Review

■ To prevail on a motion for summary judgment, a defendant must establish that no material fact issue exists and that it is entitled to judgment as a matter of law. *See Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222 (Tex.1999). If a defendant moves for summary judgment on the basis of an affirmative defense, it has the burden to prove conclusively all the elements of the affirmative defense as a matter of law. *See KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999). In conducting our review of the summary judgment, we take as true all evidence favorable to the nonmovant, and we make all reasonable inferences in the nonmovant's favor. *See id.*

## Breach of Contract: Failure to Perform

■ In his first point of error, Ellis contends that the trial court erred in rendering summary judgment because Precision failed to perform on the contract claim.

In *Southwestern Bell Telephone Co. v. FDP Corp.*, 811 S.W.2d 572, 576 (Tex. 1991), the Texas Supreme Court recognized the distinction between breach of contract and breach of warranty claims:

The UCC recognizes that breach of contract and breach of warranty are not the same cause of action. The remedies for breach of contract are set forth in section 2.711, and are available to a buyer "[w]here the seller fails to make delivery." Tex. Bus. & Com.Code § 2.711(a). The remedies for breach of warranty, however, are set forth in section 2.714, and are available to a buyer who has finally accepted goods, but discovers that the goods are defective in some manner. Tex. Bus. & Com.Code §§ 2.714, 2 .711 (Comment 1).

■ Accordingly, breach of contract remedies are available to a buyer when the seller fails to make any delivery. *S.W. Bell*, 811 S.W.2d at 576. In contrast,

---

1. Ellis does not appeal the issue of breach of implied warranty; therefore, he has waived any error on that cause of action.

breach of warranty remedies are available to a buyer who has received and accepted goods, but discovers they are defective in some manner. *Id.* In other words, when a party fails to deliver the goods as promised, a breach of contract occurs. *See Chilton Ins. Co. v. Pate & Pate Enter., Inc.,* 930 S.W.2d 877, 890 (Tex.App.-San Antonio 1996, writ denied). Conversely, when a seller delivers nonconforming goods, it is a breach of warranty. *Id.* Under the Uniform Commercial Code ("UCC"), breach of contract damages are available for failure to perform, but not for delivery of nonconforming goods. *Id.* We believe that the *Chilton* court makes a definitive distinction between failure to conform and failure to deliver. *See id.*

Because Ellis's claim is based on the receipt of defective goods, he has a breach of warranty cause of action, not a breach of contract case. *See S.W. Bell,* 811 S.W.2d at 576; *Roy v. Howard–Glendale Funeral Home,* 820 S.W.2d 844, 848 (Tex. App.-Houston [1st Dist.] 1991, writ denied) (holding that buyers of defective burial vault had breach of warranty claim; therefore, breach of contract instruction improper).

■ Case law holds that breach of contract remedies are available when a seller fails to make any delivery "as promised." *See, e.g., S.W. Bell,* 811 S.W.2d at 576. In other words, failure to conform is a breach of warranty; whereas failure to deliver is a breach of contract. *See id.* If the dissent is correct, then breach of contract claims would subsume all breach of warranty claims.

The dissent states, "After accepting nonconforming goods a buyer can still recover breach of contract damages to compensate for the effects of the nonconformity as long as notice of the breach has been timely given to the seller." In support, the dissent cites section 2.714(a) of the Business and Commerce Code. However, neither this section nor the comments specifically mention "breach of contract." [2] In *S.W. Bell,* the supreme court instructs us otherwise by interpreting this section to mean that "the remedies for breach of warranty ... are set forth in section 2.714" and "the remedies for breach of contract are set forth in section 2.711." *S.W. Bell,* 811 S.W.2d at 576. Therefore, even if Ellis accepted the goods, discovered they were defective, and gave timely notice to the seller, his remedy would be breach of warranty under section 2.714, not breach of contract under section 2.711. *See id.*

The dissent criticizes the majority opinion for failing to "account for a situation where goods are rejected *after* delivery" and for conflicting with the law of revocation. Nowhere in Ellis's petition is there a reference to either issue. We do not address issues that are not pleaded. Moreover, Ellis neither asserts these arguments in his appellate brief nor provides any authority; therefore they are not properly preserved for appellate review. *See* Tex. R.App. P. 38.1(h).

The first point of error is overruled.

### Breach of Contract: Limitations

In his second point of error, Ellis contends that the contract claim is not barred by limitations. Precision's motion for summary judgment did not address this issue. Whether the contract claim was barred by limitations, therefore, was not a basis for summary judgment.

The second point of error is overruled.

---

2. The dissent relies on comment 2, which states that nonconformity "includes not only breaches of warranties but also any failure of the seller to perform according to his obligations under the contract." Tex. Bus. & Com. Code Ann. § 2.714(a) cmt. 2 (Vernon 1994).

## DTPA: Limitations

■ In his third point of error, Ellis contends that the DTPA claim is not barred by limitations.

■ When there are multiple grounds for summary judgment and the order does not specify the ground on which the summary judgment was rendered, the appealing party must negate all grounds on appeal. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 381 (Tex.1993). If summary judgment may have been rendered, properly or improperly, on a ground not challenged, the judgment must be affirmed. *Holloway v. Starnes*, 840 S.W.2d 14, 23 (Tex.App.-Dallas 1992, writ denied).

Precision's motion for summary judgment argued that the DTPA claim failed as a matter of law based on the following two grounds:

(1) it is actually a breach of contract action; and

(2) it is barred by limitations.

The summary judgment did not specify the particular grounds on which it was rendered; therefore, Ellis must defeat both grounds presented in Precision's motion. *See Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989). Ellis has not done so. Nor has he asserted a general point of error that the trial court erred in rendering summary judgment against him. *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970). Instead, Ellis challenges only the limitations issue on appeal. The summary judgment, however, may have been rendered, properly or improperly, on the unchallenged ground regarding whether this is actually a breach of contract action. *See Holloway*, 840 S.W.2d at 23. Accordingly, we need not address the limitations argument. *See Lewis v. Adams*, 979 S.W.2d 831, 833 (Tex.App.-Houston [14th Dist.] 1998, no pet.). Because Ellis did not negate all the DTPA grounds on appeal, the judgment must be affirmed with regard to that cause of action. *See id.*

The third point of error is overruled.

## Conclusion

We affirm the judgment of the trial court.

Chief Justice SCHNEIDER dissenting.

En banc consideration was requested.

A majority of the justices of the Court voted to overrule the request for en banc consideration.

Justice MIRABAL dissents from the overruling of the request for en banc consideration and would join the dissenting opinion of Justice SCHNEIDER.

MICHAEL H. SCHNEIDER, Chief Justice, dissenting.

The majority opinion states,

Breach of contract remedies are available to a buyer when the seller fails to make any delivery. In contrast, breach of warranty remedies are available to a buyer who has received and accepted goods, but discovers they are defective in some manner. . . . [B]reach of contract damages are available for failure to perform, but not for delivery of nonconforming goods.

(citations omitted). I disagree with the bright-line distinction made between breach of contract and breach of warranty actions at the time of delivery for the following three reasons: (1) the majority's authorities do not mandate granting summary judgment on the breach of contract claim; (2) the majority's rule conflicts with the Uniform Commercial Code (UCC); and (3) the strict nature of the majority's rule pushes Texas away from notice pleadings and towards form pleadings. Accord-

ingly, I respectfully dissent and would sustain appellant's first point of error.

### 1. The majority's authorities do not mandate granting summary judgment on the breach of contract claim.

The majority relies on *Southwestern Bell Tel. Co. v. FDP Corp.*, 811 S.W.2d 572, 576 (Tex.1991), for its holding. In *Southwestern Bell*, the Texas Supreme Court noted that breach of warranty remedies are available "to a buyer who has finally accepted goods, but discovers that the goods are defective in some manner." *Id.* But, the court did *not* say the two claims are always mutually exclusive and that only warranty remedies are available after acceptance.

The Supreme Court rejected Southwestern Bell's argument that its failure to publish a complete order "was *exclusively* a breach of contract" and held that there was evidence to support the jury's breach of warranty finding. *Id.* at 576 (emphasis added). Nowhere in its decision did the Supreme Court say the facts could not also support a breach of contract claim. The holding clarified what is actionable under a breach of warranty theory, but does not limit breach of contract claims.

The majority also relies on *Roy v. Howard–Glendale Funeral Home*, 820 S.W.2d 844, 848 (Tex.App.-Houston [1st Dist.] 1991, writ denied) (citing *Southwestern Bell*, 811 S.W.2d at 576). However, in *Roy*, this Court considered whether a trial court correctly refused to give a jury instruction on breach of contract. There, all the facts surrounding the transaction were fully developed at trial. Here, we review a

summary judgment. Thus, the facts have not been fully developed. We should not bar the breach of contract claim if there is any post-delivery scenario under which it could be brought.

### 2. The majority's holding conflicts with the UCC.

I also believe the majority's bright-line distinction between breach of warranty and breach of contract conflicts with the UCC.[1] Under the UCC, which governs the sale of goods in Texas, a buyer may seek breach of contract remedies *after* delivery if the person (a) timely rejects the goods, (b) timely revokes acceptance of the goods, or (c) keeps the goods, notifies the buyer of the problem, and sues for damages. TEX. BUS. & COM.CODE ANN. §§ 2.711(a), 2.714(a) (Vernon 1994).

*a. rejection after delivery, but before acceptance*

First, the majority's rule does not account for a situation where goods are rejected *after* delivery. Acceptance is generally not complete until the buyer has had a reasonable time to inspect the goods after delivery. *See* TEX. BUS. & COM.CODE ANN. § 2.606(a)(1) (Vernon 1994). The majority's rule, by not addressing this interim time period, wrongly suggests that delivery and acceptance will always be simultaneous.

*b. revocation of acceptance after delivery*

Second, the majority's rule is at odds with the law of revocation. *See* TEX. BUS. & COM.CODE ANN. § 2.608 (Vernon 1994). The majority applies its rule and declares, "Because Ellis's contract claim is based on

---

**1.** The majority criticizes the fact I address rejection and revocation when the circumstances of this case may not raise those issues. However, the majority's broad rule could be applied to all breach of contract actions, including those that do involve rejection or revocation. It is, therefore, appropriate to point out any conflicts between their rule and the UCC.

the receipt of defective goods, he has a breach of warranty cause of action, not a breach of contract case." For the majority, the receipt of defective goods is an absolute bar to breach of contract remedies. However, § 2.608 specifically contemplates a situation where a buyer receives and accepts goods, only to later find a defect that was difficult to discover at the time of acceptance. TEX. BUS. & COM. CODE ANN. § 2.608(a)(2) (Vernon 1994). Breach of contract damages are then available. TEX. BUS. & COM.CODE ANN. § 2.711 (Vernon 1994).

### c. acceptance of non-conforming goods

Finally, the present case, at this early stage, most resembles a situation in which a buyer has decided to retain non-conforming goods, but wishes to sue for damages under a breach of contract claim. The official comments to the UCC clearly state that a "buyer accepting a non-conforming tender is not penalized by the loss of *any* remedy otherwise open to him." TEX. BUS. & COM.CODE ANN. § 2.601 cmt. 1 (Vernon 1994) (emphasis added). After accepting non-conforming goods a buyer can still recover breach of contract damages to compensate for the effects of the nonconformity as long as notice of the breach has been timely given to the seller.[2] Therefore, breach of contract damages are potentially available, even when non-conforming goods have been delivered, accepted, and retained.

### 3. The majority's holding nudges us towards form pleading.

Under the majority's holding, appellant loses his day in court by simply using the wrong choice of words. This starts us down a slippery slope that resurrects form pleadings. In Texas, plaintiffs file "notice pleadings" that plainly and concisely explain the allegations of their complaint in a short statement. TEX.R. CIV. P. 45(b). We liberally construe a plaintiff's pleading and merely require the pleadings to provide the opposing party with notice of the relief sought and sufficient information to prepare a defense. *See Paramount Pipe & Sup. Co. v. Muhr,* 749 S.W.2d 491, 494–95 (Tex.1988); *Roark v. Allen,* 633 S.W.2d 804, 809–10 (Tex.1982).

Early common law required a plaintiff to find a "form of action" that fit his complaint, and, if he chose incorrectly, the court provided no remedy. *See Nelson v. Krusen,* 678 S.W.2d 918, 932 (Tex.1984) (Kilgarlin, J., concurring and dissenting). Texas has never adopted the old common law forms of action. *See Southwestern Bell Tel. Co. v. DeLanney,* 809 S.W.2d 493, 501 (Tex.1991) (Mauzy, J., dissenting); *Rector v. Orange Rice Mill Co.,* 100 Tex. 591, 102 S.W. 402 (1907). Thus, courts should not be controlled by the form a plaintiff uses to present his complaint or cause of action, but should instead look to the substance of the plaintiff's complaint. *See H.E. Butt Grocery Co. v. Warner,* 845 S.W.2d 258, 262 (Tex.1992) (Mauzy, J., dissenting) (quoting *Rector,* 102 S.W. at 403). Requiring the plaintiff to plead more specifically would return us to the early common law forms of action and result in the denial of relief on meritorious complaints merely because plaintiffs chose the wrong phrase. *See id.* at 260.

---

**2.** "Where the buyer has accepted goods and given notification ... he may recover as damages for any non-conformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable." TEX. BUS. & COM.CODE ANN. § 2.714(a) (Vernon 1994). The comments make it clear that this section is intended to apply to both breach of warranty and breach of contract by stating, "The 'nonconformity' referred to in subsection [a] *includes not only breaches of warranties but also any failure of the seller to perform according to his obligation under the contract.*" TEX. BUS. & COM.CODE ANN. § 2.714 cmt. 2 (Vernon 1994) (emphasis added).

For these three reasons, I respectfully dissent. I would sustain the first point of error, reverse the judgment, and remand the cause so that appellant could have his day in court on the breach of contract claim.