United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 16, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-11364

_____

MOMAX, LLC,

Plaintiff-Counter Defendant-Appellee,

versus

ROCKLAND CORP.,

Defendant-Counter Claimant-
Third Party Plaintiff-Appellant,

versus

MAX R. GREER; CHARLES R. MOFFETT,

Third Party Defendants-Appellees.

*******************************************************
Consolidated with

_____

No. 06-10583

_____

MOMAX, LLC,

Plaintiff-Appellant,

versus

THE ROCKLAND CORPORATION,

Defendant-Appellee.

Appeals from the United States District Court
for the Northern District of Texas, Dallas Division
Docket No. 3:02-CV-2613

Before JONES, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

The court, having heard oral argument and having reviewed the briefs and pertinent portion of the record, finds no reversible error of law or fact.

Rockland challenges the sufficiency of Momax's evidence as to lost profits. However, at trial, Rockland failed to renew its motion for judgment as a matter of law and thus did not comply with Federal Rule of Civil Procedure 50(b). See McCann v. Tex. City Refining, Inc., 984 F.2d 667, 671 (5th Cir. 1993). Therefore, we review for plain error and determine "only whether the plaintiff has presented any evidence in support of his claim." Polanco v. City of Austin, Tex., 78 F.3d 968, 974 (5th Cir. 1996). Under this standard of review, the evidence was plainly sufficient to sustain the jury's award of lost profits.

As to the testimony of Dick Abram, Rockland withdrew its objection at trial, and Abram therefore testified without

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

objection. Regardless, there was no abuse of discretion in admitting his testimony. See DIJO, Inc. v. Hilton Hotels Corp., 351 F.3d 679, 685-87 (5th Cir. 2003).

Rockland argues that Momax negated its breach of implied warranty claims because the product was safe to consume. Momax's customers, however, were the stores that would carry the product, not the ultimate consumers. Rockland stipulated to the unsuitability of swollen bottles for sale to Momax's grocery store customers. It is therefore irrelevant whether the product would have caused harm to human beings upon consumption. Momax did not negate its implied warranty claims.

Finally, Momax has moved for recovery of attorneys' fees under Texas Civil Practice and Remedies Code § 38.001. Bound as we are by Texas law, and unpersuaded that a substantial body of Texas caselaw is incorrect, we may not award attorneys' fees in a breach of warranty case such as this one. See JCW Elecs., Inc. v. Garza, 176 S.W.3d 618, 633-34 (Tex. App. 2005); JHC Ventures, L.P. v. Fast Trucking, Inc., 94 S.W.3d 762, 769 (Tex. App. 2002); Ellis v. Precision Engine Rebuilders, Inc., 68 S.W.3d 894, 896-97 (Tex. App. 2002); Harris Packaging Corp. v. Baker Concrete Constr. Co., 982 S.W.2d 62, 69 (Tex. App. 1998); see also Southwestern Bell Tel. Co. v. FDP Corp., 811 S.W.2d 572 (Tex. 1991)(distinguishing between breach of contract and breach of warranty actions).

**AFFIRMED.**

3