Opinion issued April 17, 2008 















 

Opinion issued April 17, 2008     

 

 

 

 

 



 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-07-00580-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



SUSANA A. BRIGGS, GODSON S. BRIGGS, AND MOSEBA BRIGGS,
Appellants

 

V.

 

LATARSHA BRIGGS, Appellee

 

 



On Appeal from the 80th District Court

Harris County, Texas

Trial Court Cause No. 2006-54180




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

 

 
This is a dispute over the designation of a beneficiary for the proceeds
of a 401k plan.  The trial court granted
summary judgment in favor of Latarsha Briggs (“Mrs. Briggs”), the wife of the
decedent and the named beneficiary of the proceeds.  We affirm.

Background

Following the death of Dr. Tam Briggs
in April 2006, appellants Susana Briggs, Godson Briggs, and Moseba Briggs
(collectively, “the family”), challenged Mrs. Briggs’s status as proper
beneficiary of the decedent’s  401k  plan, containing funds currently held by the
Harris County Hospital District.  As a
result, the District refused payment to any of the claimants.  Mrs. Briggs instituted this action, seeking a
declaration that she is entitled to the monies accrued by Mr. Briggs in the
401k plan.  

In their brief, the family recites
that the decedent lived in the United States
but was a native of Nigeria.  They assert that the decedent was wed to
Iyaritariya Asemebo in Nigeria
and that the marriage was not terminated before his 1997 marriage to Mrs.
Briggs.  Rather, he continued his
relationship with Iyaritariya when he visited Nigeria.  

The record reflects that in 1998, Dr.
Briggs designated the following individuals as the primary beneficiaries of his
401k plan:  Godson, Awoba, Senibo, and
Moseba Briggs and Ronald Newton.  Mrs.
Briggs was designated contingent beneficiary, and signed the requisite spousal
consent for his designations.  According
to the consent statement, her consent was irrevocable unless Dr. Briggs revoked
the beneficiary designation.  In late
2000, Dr. Briggs executed a new beneficiary designation, making Godson Briggs
his sole primary beneficiary and making Mrs. Briggs his contingent beneficiary.  On March 11, 2006, less than a month before
he died, Dr. Briggs executed a third beneficiary designation, making Mrs.
Briggs the primary beneficiary and Senibo Briggs his contingent beneficiary.     

Mrs. Briggs moved for summary
judgment on the following grounds: (1) Mrs. Briggs did not consent in writing
to the 2000 designation of Godson Briggs as primary beneficiary before a notary
public or plan representative as required by the law and the 401k plan
language, and thus the designation is invalid; (2) Dr. Brigg’s 2006 designation
of Mrs. Briggs as primary beneficiary is valid as a matter of law; and (3) the
family has no evidence that Dr. Briggs lacked mental capacity or was unduly
influenced, or that his signature was a forgery.  The trial court granted summary judgment on
Mrs. Briggs’s motion and declared that Mrs. Briggs is entitled to the 401k plan
proceeds.  In seven issues, the family
contends that the trial court erred in granting summary judgment.  

Discussion

We do not reach the merits of this
case because the family failed to properly brief their issues on appeal.  See
Tex. R. App. P. 38.1(h).  We observe that the trial court did not
specify the grounds on which it granted summary judgment.  The family’s brief cites general error in granting
summary judgment as an issue on appeal and recites the standard of review for a
grant of summary judgment under Rule 166a(c). 
It does not, however, contain any specific challenge to the Rule 166a(c)
grounds asserted by Mrs. Briggs in her motion for summary judgment.  “[W]hen a summary judgment motion alleges multiple
grounds and the order granting summary judgment
does not specify the ground
on which the summary
judgment was
rendered, the appellant must challenge and negate all summary judgment grounds on appeal.”  Britton
v. Tex. Dept. of Crim. Justice, 95 S.W.3d
676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (citing Ellis v. Precision Engine
Rebuilders, Inc., 68 S.W.3d 894, 898 (Tex. App.—Houston [1st Dist.] 2002, no pet.)).  “If summary judgment
may have been rendered, properly or improperly, on a ground not challenged, the judgment must be
affirmed.”  Ellis, 68 S.W.3d at 898.  The family waived its issue challenging the
grant of summary judgment under Rule 166a(c) by failing to present any specific
contentions, supported by citation to appropriate authorities, concerning the
grounds urged under that rule.  See Tex.
R. App. P. 38.1(h).  Each of the
first two grounds set forth in Mrs. Briggs’s summary judgment motion provides
an independent ground for affirmance of the trial court’s judgment in its
entirety.  In the absence of a challenge
to those grounds, we affirm the trial court’s judgment. 

Conclusion

          We
conclude that the family has waived its right to appeal the trial court’s
summary judgment as to certain grounds, and, accordingly, affirm the judgment
of the trial court.

 

Jane Bland

                                                Justice

 

Panel consists of Chief Justice
Radack and Justices Jennings and Bland.