NUMBER 13-06-634-CV



COURT OF APPEALS





THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 
 

FELIPE HERNANDEZ, JR., JOSE CASARES,

AND OSCAR CASARES, Appellants,


v.
 

 


STATE AND COUNTY MUTUAL INSURANCE COMPANY, Appellee.

 


On appeal from the County Court at Law No. 4

of Hidalgo County, Texas. 




MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Garza and Benavides


Memorandum Opinion by Justice Benavides



 Appellants, Felipe Hernandez, Jr., Jose Casares, (1) and Oscar Casares, appeal a
summary judgment in favor of appellee, State and County Mutual Insurance Company
("State and County Mutual"). Because appellants have failed to challenge all possible
grounds for the summary judgment, we affirm.

I. Background

 On March 13, 2001, Felipe Hernandez, Jr. and Jose Casares were involved in an
automobile accident. Jose Casares was driving a car owned by his father, Oscar Casares. 
Oscar carried automobile insurance through State and County Mutual. The policy
contained an excluded driver endorsement that expressly excluded coverage for the
vehicle if it was driven by an excluded driver. (2) The endorsement expressly named Jose
as an excluded driver. 

 On April 16, 2001, Hernandez filed suit against Jose and Oscar for negligence and
negligent entrustment. State and County Mutual intervened in the lawsuit and sought a
declaratory judgment that the claims made against the Casareses were excluded from the
policy's coverage. State and County Mutual also refused to defend Oscar pursuant to the
insurance policy's excluded driver provision. Oscar failed to answer, and the trial court
rendered a default judgment against him on August 1, 2001. Thereafter, Hernandez
nonsuited his remaining claims, and State and County Mutual nonsuited its claims.

 On March 7, 2006, Hernandez and the Casareses filed the underlying lawsuit
alleging that State and County Mutual had a duty to defend Oscar and failed to do so. (3) 
State and County Mutual answered and filed a motion for summary judgment, asserting
that the claims were barred by limitations and that it had no duty to defend because of the
policy's excluded driver endorsement. On October 16, 2006, the trial court granted
summary judgment without stating the basis for its ruling. This appeal ensued.

II. Duty to Challenge All Possible Grounds for Summary Judgment

 If a trial court's order granting summary judgment does not specify the grounds for
the ruling, the appellant bears the burden of negating all possible grounds for the trial
court's ruling. Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 2001). "If summary
judgment may have been rendered, properly or improperly, on a ground not challenged [on
appeal], the judgment must be affirmed." Ellis v. Precision Engine Rebuilders, Inc., 68
S.W.3d 894, 898 (Tex. App.-Houston [1st Dist.] 2002, no pet.).

 State and County Mutual moved for traditional summary judgment on two grounds:
(1) limitations, and (2) its lack of a duty to defend under the policy. The trial court's
judgment does not specify the grounds for its ruling--rather, it states that there are no
issues of material fact and that the motion is "in all things" granted. Thus, appellants had
the burden on appeal to negate both grounds raised by State and County Mutual's motion
for summary judgment. Id. 

 Appellants have raised a general issue arguing that the summary judgment is
improper, as is allowed under Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex.
1970). However, a sufficiently raised issue is not the end of an appellant's burden--an
appellant must not only raise a proper issue, he or she must present arguments and
supporting authority for the Court to reverse a summary judgment. McCoy v. Rogers, 240
S.W.3d 267, 272 (Tex. App.-Houston [1st Dist.] 2007, pet. denied).

 Appellants, however, have not argued that the trial court erred in granting summary
judgment on limitations. Rather, their entire brief is spent arguing that State and County
Mutual had a duty to defend Oscar. Under these circumstances, the summary judgment
must be affirmed, and we need not address whether State and County Mutual had a duty
to defend. Ellis, 68 S.W.3d at 898.

III. Conclusion

 The trial court's judgment is AFFIRMED. (4)

 

 __________________________ 

 GINA M. BENAVIDES,

 Justice


Memorandum Opinion delivered and

filed this the 22nd day of May, 2008. 







1. In some places in the record, Jose Casares is referred to as "Jose Casares, Jr." However, we have
styled this case and referenced Jose Casares without the "Jr." because that is how the parties were listed in
the appellants' pleadings below.
2. The endorsement was titled "515A Exclusion of Named Driver and Partial Rejection of Coverage,"
and stated:


 YOU AGREE THAT NONE OF THE INSURANCE COVERAGES AFFORDED BY THIS
POLICY SHALL APPLY WHILE 2: Jose Casares Jr. . . . IS OPERATING YOUR COVERED
AUTO OR ANY OTHER MOTOR VEHICLE. YOU FURTHER AGREE THIS
ENDORSEMENT WILL ALSO SERVE AS A REJECTION OF
UNINSURED/UNDERINSURED MOTORISTS COVERAGE AND PERSONAL INJURY
PROTECTION WHILE YOUR COVERED AUTO OR ANY OTHER MOTOR VEHICLE IS
OPERATED BY THE EXCLUDED DRIVER(S).


It is undisputed that the endorsement was signed by Oscar Casares.
3. Hernandez claims that Oscar Casares assigned his claim for breach of the duty to defend to
Hernandez; however, there is no evidence in the record of such an assignment. 
4. All pending motions are hereby dismissed as moot.