Opinion issued February 26, 2009 















In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00437-CV

__________


JOSE ANTONIO HERRERA, Appellant


V.


AMD PROPERTY MANAGEMENT, INC., Appellee






On Appeal from the 234th District Court

Harris County, Texas

Trial Court Cause No. 2007-14694






MEMORANDUM OPINION

 Appellant, Jose Antonio Herrera, challenges the trial court's rendition of
summary judgment in favor of appellee, AMD Property Management, Inc., in
Herrera's suit against AMD for premises liability, negligence, and gross negligence. 
In four issues, Herrera contends that the trial court erred in "not finding [a] duty owed
to [Herrera]," "not finding foreseeability of harm," denying him the opportunity to
depose a witness, and granting AMD more relief than it requested. 

 We affirm. 

Factual and Procedural Background

 In his fourth amended petition, Herrera alleged that, on March 11, 2005, he was
a tenant at an apartment complex owned or managed by AMD and was robbed and
shot by an unknown suspect in the apartment complex parking lot. In support of his
claim for premises liability, Herrera alleged that, at the time of the shooting, the
apartment complex was located in a "high crime area" with "constant criminal
activity," this created "a dangerous condition," AMD had actual or constructive
knowledge of this condition "as demonstrated by past criminal activity on the
property," and the condition posed an unreasonable risk of harm. Herrera further
alleged that AMD failed to provide adequate lighting, provide "necessary and proper
procedures," properly maintain the fence, take corrective action, provide gates or
locked doors, provide an adequate number of trained security guards, and warn
Herrera of the conditions. In support of his negligence claim, Herrera alleged that
AMD breached its duty to Herrera to use ordinary care to protect its invitees from
criminal acts of third parties. Herrera also sought exemplary damages, alleging that
AMD had actual subjective awareness of the risk involved but proceeded with
conscious indifference. 

 AMD filed a no-evidence summary judgment motion, in which AMD asserted
that there is no evidence that any property condition caused the incident and that there
is no evidence of duty with respect to each of the defective conditions alleged by
Herrera. (1) AMD also argued that Herrera's negligence claim failed because Herrera
had clearly pleaded a premises liability claim, not a claim based upon a negligent
activity. Finally, AMD argued that Herrera's claim for gross negligence failed
because there is no evidence that AMD proceeded in conscious indifference to the his
rights. 

 Herrera filed a response to AMD's no-evidence summary judgment motion. 
Herrera attached to his response a copy of a sworn statement from Luz Alvarado, the
office manager for the apartment complex. Herrera cited Alvarado's testimony that
the "part of town" in which the apartments was located was a "high crime" area. 
Herrera also cited Alvarado's testimony that there were some "incidents" at the
apartments, the apartment complex owner had suggested putting "razor wire" on the 
back fence, she had expressed her concerns about people jumping the gates at the
complex, there were people "always making holes in the iron fences," and she had
suggested "getting more courtesy officers" and cameras at the apartment complex "to
deter" crime. Herrera then set forth a list of alleged "service calls" made from the
apartments in regard to criminal activity for a six-month period from December 1,
2004 to May 31, 2005 and copies of printouts that he contended were official records
from the Houston Police Department reflecting those calls. Herrera did not provide
any explanation as to how any of his evidence responded to the specific contentions
made in AMD's no-evidence summary judgment motion. AMD filed a reply,
asserting that Herrera had failed to, among other things, respond to its no-evidence
challenge as to causation for any of his claims. 

 The trial court granted, "in its entirety," AMD's no-evidence summary
judgment motion on all of Herrera's causes of action. In its order, the trial court also
specifically stated that it granted summary judgment on Herrera's negligence claim
because Herrera was complaining of a condition, not an activity, and thus Herrera's
claim was one for premises liability rather than simple negligence. In regard to
Herrera's claim for premises liability, the trial court determined that none of
Alvarado's statements provided even a scintilla of evidence to defeat AMD's motion. 
In regard to the purported criminal records presented by Herrera, the trial court stated
that it was not clear from these records how many of the identified incidents were
separate or related, whether the incidents reflected merely service calls or actual
crimes, or whether the facts or circumstances surrounding the incidents that were
reflected in the records were similar to the instant incident. The trial court stated, "In
order to defeat a motion for no-evidence summary judgment, the plaintiff must do
more than attach paper or exhibits to a response and expect the [c]ourt to decipher
such 'evidence.'" In regard to Herrera's claim for gross negligence, the trial court
noted that Herrera had provided no response on this cause of action. 

 The trial court also addressed in its order an apparent dispute regarding
Herrera's attempts to depose a man referred to by the parties as "Lipmann." The trial
court ruled that the deposition should not occur because Herrera did not show that
Lipmann had any unique knowledge regarding the facts of the case. 

Standard of Review

 To prevail on a no-evidence summary judgment motion, a movant must allege
that there is no evidence of an essential element of the adverse party's cause of action.
Tex. R. Civ. P. 166a(i); Fort Worth Osteopathic Hosp., Inc. v. Reese, 148 S.W.3d 94,
99 (Tex. 2004). We review a no-evidence summary judgment under the same legal
sufficiency standard used to review a directed verdict. Gen. Mills Rests., Inc. v. Tex.
Wings, Inc., 12 S.W.3d 827, 832-33 (Tex. App.--Dallas 2000, no pet.). Although
the non-moving party is not required to marshal its proof, it must present evidence
that raises a genuine issue of material fact on each of the challenged elements. Tex.
R. Civ. P. 166a(i); Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004). 
A no-evidence summary judgment motion may not be granted if the non-movant
brings forth more than a scintilla of evidence to raise a genuine issue of material fact
on the challenged elements. Ridgway, 135 S.W.3d at 600. More than a scintilla of
evidence exists when the evidence "'rises to a level that would enable reasonable and
fair-minded people to differ in their conclusions.'" Merrell Dow Pharms., Inc. v.
Havner, 953 S.W.2d 706, 711 (Tex. 1997) (quoting Burroughs Wellcome Co. v. Crye,
907 S.W.2d 497, 499 (Tex. 1995)). Moreover, we note that if summary judgment
may have been rendered, properly or improperly, on a ground not challenged on
appeal, the judgment must be affirmed. Ellis v. Precision Engine Rebuilders, Inc., 68
S.W.3d 894, 898 (Tex. App.--Houston [1st Dist.] 2002, no pet.). 

Inadequate Briefing

 In the argument section of his briefing on his first issue, which pertains to the
element of duty in regard to Herrera's causes of action, Herrera provides only a single
record reference to the evidence that he attached to his summary judgment response. 
Although he generally cites and discusses law on the element of duty, he provides no
discussion of any specific piece of evidence, or even a discussion of the evidence in
general. He also does not explain how any of his evidence relates to the element of
duty. 

 In the argument section of his briefing on his second issue, which pertains to
forseeability, Herrera does not provide a single citation to the record. Other than
making an unsupported and inexplicable assertion that Herrera was an "unforeseeable
victim regardless of his status" as an invitee, licensee, or trespaser, Herrera provides
no discussion as to how the law and authorities he cites relate to the facts of the
instant case. 

 In regard to the third issue, which pertains to his attempt to depose "Lippman,"
we conclude that Herrera's arguments are incomprehensible. In this section of his
briefing, Herrera also makes no assertion that he sought a continuance or any other
relief on his alleged discovery dispute or that the trial court erred in denying a
continuance before it granted summary judgment. 

 In the argument section of his briefing on his fourth issue, which pertains to the
scope of the relief granted by the trial court, Herrera inexplicably complains that
AMD's summary judgment motion "does not address the criminal conduct that has
been committed" at the apartments. Herrera does not offer any further discussion of
this random argument, nor does he explain how this assertion, which appears entirely
unrelated to the issue, shows that the trial court erred in granting AMD's no-evidence
summary judgment motion. 

 In sum, Herrera's briefing is almost entirely devoid of any substantive
argument on the actual issues presented, the facts of the underlying case, or on the
summary judgment granted by the trial court. It is also incomprehensible in many
places and lacks appropriate record citations. We conclude that Herrera has
inadequately briefed his issues and has waived all of his issues for our review. See
Tex. R. App. P. 38.1(h) ("The brief must contain clear and concise argument for the
contentions made, with appropriate citations to authorities and to the record.").

 Even assuming that Herrera had adequately briefed his first and second issues
of duty and forseeability by generally citing to law on these issues, Herrera did not
address AMD's primary argument in its no-evidence summary judgment motion that
Herrera could present no evidence of causation. Because causation is an element of
all of Herrera's claims, and because causation was clearly raised in AMD's no-evidence summary judgment motion, even if we considered the arguments raised by
Herrera as to duty and forseeability to be adequately briefed, we would be required
to affirm the summary judgment on the basis that Herrera did not address the
alternative summary judgment grounds. Ellis, 68 S.W.3d at 898.

Conclusion


 We affirm the judgment of the trial court.



 Terry Jennings

 Justice


Panel consists of Justices Jennings, Keyes, and Higley.

1. AMD also specifically asserted that there is no evidence that (1) it had failed to
provide adequate lighting, gates, locked doors, fences, or guards, or that there is any
causal link between the failure to provide adequate lighting, gates, locked doors,
fences, or guards and the incident, (2) it had a legal duty to follow different policies
or procedures or that there is any causal link between the unspecified policies and
procedures that it followed and the incident, (3) there are any defects of which AMD
failed to warn Herrera or that there is any casual link between the alleged defects and
the incident, and (4) AMD could have taken measures to prevent the unknown
criminal suspect from coming onto the property.