# NO. 12-13-00287-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *HAROLYN M. BENSON, D'METRIA BENSON AND HAROLD A. BENSON, APPELLANTS* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *SHEREKE DEVONDA GASTON AND TARSIEMON V. EVERAGE, APPELLEES* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Harolyn M. Benson, D'Metria Benson, and Harold A. Benson (collectively the Bensons) appeal the trial court's order granting a partial summary judgment in favor of Shereke Devonda Gaston and Tarsiemon V. Everage (collectively the Gastons). In one issue, the Bensons contend that the trial court erroneously sustained the Gastons' objections to an affidavit that was a part of the Bensons' summary judgment evidence. We affirm.

## BACKGROUND

This case involves a dispute over real property, the ownership of which both the Bensons and Gastons claim to have obtained through adverse possession. The property in question was once owned by the Fuller family. In 1944, the Fuller family sold Henry Connor a life estate in the property. When Connor died in 1988, the Fullers' heirs failed to retake possession of the property.

Connor's only daughter, Betty, and her husband, Harold E. Benson, lived on the property after Connor died. They had three children, Harolyn, D'Metria, and Harold A.[1] When Betty died in 1993, Harold E. continued to live on the property.

In 1994, Harold E. married Doris Gaston, and the two lived together on the property. Doris had two children, Shereke and Tarsiemon. When Harold E. died in 1997, Doris remained on the property. After Doris died in 2007, Shereke lived on the property.

In 2008, the Gastons brought a trespass to try title action against the Fullers' heirs. The trial court found that the Gastons were the owners of the property in question. The Bensons were not made parties to this suit.

Following their successful suit against the Fullers' heirs, the Gastons attempted to sell the property. Upon discovering this fact, the Bensons blocked the Gastons' access to the property. In response, the Gastons filed the instant trespass to try title action against the Bensons. By their suit, the Gastons also sought to recover rental fees for loss of use of the property and for conversion of their personal property.

Thereafter, the Gastons moved for partial summary judgment on their trespass to try title claim. In their motion, the Gastons argued that they had a right to title and possession of the property because they had conclusively proven that (1) they held title through a regular chain of title from the sovereign, (2) both the Gastons' and the Bensons' respective claims to the land were from a common source and the Gastons' claim was superior, and (3) they had prior possession of the property. The Bensons filed a response in which they contended that the Estate of Henry Connor acquired the property through adverse possession in 1998 and, as a result, the Gastons' suit against the Fullers' heirs was of no consequence because the Bensons already had obtained title to the property.

In support of their response, the Bensons attached Harolyn's affidavit. But Harolyn's affidavit testimony conflicted with her previous deposition testimony, and Harolyn did not offer an explanation for this disparity. The Gastons objected to the Bensons' response because (1) the Bensons' pleadings did not assert that they had obtained the property by adverse possession and (2) Harolyn's affidavit was a "sham affidavit."[2]

---

[1] Harold A. is deceased. Raymond Benson is Harold A.'s son and sole heir.

[2] A party cannot file an affidavit to contradict his own deposition testimony without any explanation for the change in the testimony, for the purpose of creating a fact issue to avoid summary judgment. *Farroux v. Denny's*

2

After conducting a hearing on the matter, the trial court sustained the Gastons' objections, granted their motion for summary judgment, and ordered that the Gastons had title to and possession of the property. The trial court also found that its order "involve[d] controlling questions of law about which there is a substantial ground for difference of opinion[.]" As a result, it granted permission for the filing of this interlocutory appeal.[3]

## SUMMARY JUDGMENT

In their sole issue, the Bensons argue that the trial court erroneously sustained the Gastons' objection to their summary judgment evidence. Specifically, the Bensons contend that the inconsistencies between Harolyn's affidavit testimony and her prior deposition testimony go to the weight rather than the admissibility of her affidavit testimony.

### Standard of Review and Applicable Law

When multiple grounds for summary judgment are raised and the trial court's order does not specify the ground on which summary judgment was granted, the appellant must negate all grounds on appeal. *See Ellis v. Precision Engine Rebuilders, Inc.*, 68 S.W.3d 894, 898 (Tex. App.–Houston [1st Dist.] 2002, no pet.) (citing *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 381 (Tex. 1993)). If summary judgment may have been granted, properly or improperly, on a ground not challenged on appeal, the judgment must be affirmed. *See id.*; *see also Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970) ("The judgment must stand, since it may have been based on a ground not specifically challenged by the [appellant.]").

### Discussion

The Bensons' sole issue on appeal focuses on whether the trial court improperly sustained the Gastons' objections to Harolyn's affidavit. However, the Bensons fail to address any of the grounds for summary judgment raised by the Gastons. Accordingly, the trial court's partial summary judgment must stand because, irrespective of the trial court's ruling on the admissibility of Harolyn's affidavit, the trial court may have based its ruling "on a ground not

---

*Rests., Inc.*, 962 S.W.2d 108, 111 (Tex. App.–Houston [1st Dist.] 1997, no pet.). If a party's own affidavit contradicts his earlier testimony, the affidavit must explain the reason for the change. *Id.* Without an explanation of the change in the testimony, we assume the sole purpose of the affidavit was to avoid summary judgment. As such, it presents merely a "sham" fact issue. *Id.*

[3] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (West Supp. 2013).

specifically challenged" by the Bensons on appeal. *See **Malooly Bros., Inc.***, 461 S.W.2d at 121.[4] The Bensons' sole issue is overruled.

<u>**DISPOSITION**</u>

Having overruled the Bensons' sole issue, we ***affirm*** the trial court's judgment.

<u>**BRIAN HOYLE**</u>
Justice

Opinion delivered March 12, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

---

[4] The Bensons likewise did not make a general assignment in their brief that the trial court erred in granting summary judgment. *See **id.***



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 12, 2014**

**NO. 12-13-00287-CV**

**HAROLYN M. BENSON, D'METRIA BENSON AND HAROLD A. BENSON,**
Appellant
V.
**SHEREKE DEVONDA GASTON AND TARSIEMON V. EVERAGE,**
Appellee

Appeal from the 173rd District Court

of Henderson County, Texas (Tr.Ct.No. 2011A-0096)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellants, **HAROLYN M. BENSON, D'METRIA BENSON AND HAROLD A. BENSON,** for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*