**Opinion issued April 20, 2017**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-15-00836-CV**

————————————

**MARY HERNANDEZ, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JOSEPH HERNANDEZ, DECEASED, CARLOS CRUZ HERNANDEZ, AND JOSE CRUZ HERNANDEZ, Appellants**

**V.**

**KROGER TEXAS L.P., Appellee**

---

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 74064**

---

**MEMORANDUM OPINION**

This is an appeal from a summary judgment disposing of all of the appellants' claims against Kroger Texas, L.P. arising out of the sale of an allegedly defective cantaloupe. The appellants contend that the trial court erred by granting

summary judgment. They also argue that the trial court's denial of their motion for continuance of the summary-judgment hearing denied them due process of law.

Because the appellants have failed to challenge all of the possible grounds upon which summary judgment could have been granted, and the continuance issue is inadequately briefed, we affirm the judgment of the trial court.

## Background

Joseph and Mary Hernandez went to a Kroger store in Clute, Texas and bought a cantaloupe that looked and smelled normal. A few days later, Joseph ate the entire cantaloupe. "Two or three days" after eating the cantaloupe, Joseph began having symptoms including fever, chills, diarrhea, uncontrollable urination, and headaches. A month after consuming the cantaloupe, he was diagnosed as having worms in his stool. More than a year after he ate the cantaloupe, Dr. William Burns diagnosed him with listeriosis. In the doctor's opinion, Joseph sustained his "infection by consuming contaminated food." Dr. Burns never gave an opinion as to what food may have caused Joseph's infection.

Joseph and Mary filed suit against Kroger, alleging that the cantaloupe was defective and caused Joseph to become infected with listeria. Their original petition included allegations of negligence, negligence per se, gross negligence, violations of the Texas Deceptive Trade Practices Act, breaches of express and implied warranties, and strict products liability. During discovery, the Hernandezes

filed a motion to compel discovery from Kroger. There is no indication in the record that the trial court ever ruled on this motion.

While the suit was pending, Joseph died. His death certificate listed his cause of death as "complications of obesity." Mary continued the suit against Kroger, both individually and as personal representative of Joseph's estate.

After additional discovery and nearly two years after the suit was filed, Kroger filed a motion for summary judgment. This motion included two no-evidence grounds and a traditional ground. In its first no-evidence ground, Kroger argued that there was no evidence that the cantaloupe was contaminated with listeria or that it was otherwise defective. In its second no-evidence ground, Kroger argued that there was no evidence that Joseph's consumption of the cantaloupe caused his illness or death. Kroger contended that evidence of both was necessary to support the pending claims. In addition to these no-evidence grounds, Kroger's motion included a traditional ground in which it asserted an affirmative defense under the innocent-seller statute, Section 82.003 of the Texas Civil Practice and Remedies Code. Kroger argued that this statute protected it from liability because it did not manufacture the cantaloupe that it sold.

Following the filing of Kroger's motion for summary judgment, two verified motions for continuance were filed. The trial court granted the first but did not explicitly rule on the second. The petition was amended to add Joseph's sons,

3

Carlos and Jose, as plaintiffs in the case, to clarify their causes of action, and to add claims for wrongful death and survivorship.

In response to Kroger's no-evidence grounds, the Hernandezes argued that there were genuine issues of material fact regarding whether the cantaloupe was defective and whether it caused Joseph's infection. They attached several exhibits to their response including an affidavit from Dr. Burns discussing Joseph's infection, an affidavit from Mary Hernandez, receipts demonstrating the purchase of cantaloupe from Kroger, copies of Joseph's medical records, and various reports discussing listeria and listeria outbreaks associated with cantaloupe. With respect to Kroger's traditional ground, they argued that several exceptions to the innocent-seller statute applied, and they attached deposition testimony from two Kroger employees to support their contentions.

The trial court granted summary judgment in Kroger's favor, and the Hernandezes appealed.

**Analysis**

The Hernandezes raise two issues on appeal. First, they argue that the trial court erred by granting summary judgment. Next, they argue that the trial court denied them due process of law by denying their motion for continuance.

4

## I. Summary judgment

The Hernandezes contend that the trial court erred by granting Kroger's motion for summary judgment. They argue that they presented sufficient evidence to overcome the no-evidence grounds and that the innocent-seller statute does not support an affirmative defense for Kroger. We conclude that the Hernandezes have waived this issue because their only appellate challenge to Kroger's traditional ground is an argument that they did not raise in the trial court.

When the movant asserts multiple grounds in its summary-judgment motion and the trial court does not specify the basis for granting it, the appealing party must show it would be error to grant summary judgment on any ground asserted in the motion. *Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995). "If summary judgment may have been rendered, properly or improperly, on a ground not challenged, the judgment must be affirmed." *Ellis v. Precision Engine Rebuilders, Inc.*, 68 S.W.3d 894, 898 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (citing *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989)). We may not consider a ground for reversal that was not expressly presented to the trial court by written motion, answer, or other response to the motion for summary judgment. TEX. R. CIV. P. 166a(c); *see Contractors Source, Inc. v. Amegy Bank Nat'l Ass'n*, 462 S.W.3d 128, 133 (Tex. App.—Houston [1st Dist.] 2015, no pet.).

With respect to Kroger's traditional ground—which was based on an affirmative defense under the innocent-seller statute—the Hernandezes' only appellate argument is that the statute is inapplicable. The appellants' brief's entire argument in that regard is as follows:

> See Texas above declared Texas Public Policy since 1942 to date, including specifically surviving the enactment of (1) Chapter CPRC § 82.003-82.008—Strict Product Liability governing such food for consumption such above Texas Supreme Court decisions starting with *Jacob Decker & Sons, Inc. v. Capps*, 139 Tex. 609; 164 S.W.2d 828 1942 Tex. LEXIS 275; 142 A.L.R. 1479 (1942) and *Griggs Canning Co. v. Josey*, 139 Tex, 623, 164 S.W. 2d 825, 840 (Tex. 1942), declared the Public Policy of Texas from 1942 to the present date (cases cited in September 1, 2015 hearing, State and Federal following *Capps* and *Josey* above), that the sellers of food (including Kroger) for public consumption as here are strictly liable without fault or negligence and that is the declared Public Policy of Texas. It was and is not affected by the later enactment of disputed CPRC Chapter §82 and including §82.004(a)(1) and (2) and (A) or (B) and not excluded under §82.004(b) for manufacturing defects or breach of an express harm for illnesses and injuries and deaths resulting, including Kroger's defenses that its melon or its cantaloupe sold to Appellant is not its own designed or manufactured product within CPRC Chapter 82 and including §82.003. Kroger contended below albeit erroneously that, it is not liable under §82.004, if arguendo. If applicable contravened the above Public Policy of the State of Texas since 1942 ante in declaration of *Capps* and *Josey*[.]

Appellant's Brief at 24.

To the extent the brief suggests the innocent-seller statute's application is precluded by a policy rationale articulated in the 1942 Texas Supreme Court cases of *Griggs Canning Co. v. Josey*, 164 S.W.2d 835 (Tex. 1942), and *Jacob E. Decker & Sons, Inc. v. Capps*, 164 S.W.2d 828 (Tex. 1942), such an argument was

6

not preserved for appeal. In the response filed in the trial court, the Hernandezes did not mention *Griggs Canning*. In response to Kroger's no-evidence motion, they did rely upon *Jacob E. Decker & Sons* for the proposition that the cantaloupe was sold subject to an implied warranty of fitness for consumption, and as a result they did "not need to show the cantaloupes were contaminated with disease or defects." C.R. 319.

But the Hernandezes never argued in the trial court that an implied warranty of the fitness of cantaloupes for consumption—or the policy rationale behind the law's recognition of such an implied warranty—precluded granting summary judgment on Kroger's innocent-seller affirmative defense. Instead, they challenged Kroger's traditional ground by arguing that several exceptions to the innocent-seller statute applied. C.R. 321–22. In particular, they argued in the trial court that the affirmative defense did not apply because Joseph relied to his detriment on an express factual representation that was incorrect, *see* TEX. CIV. PRAC. & REM. CODE § 82.003(a)(5), and because Kroger may have actually known about the product defect that caused the injury, *see id.* § 82.003(a)(6). Neither of these arguments have been repeated on appeal.

Because the sole argument on appeal against Kroger's traditional summary-judgment ground was never presented to the trial court, we may not consider it. *See* TEX. R. CIV. P. 166a(c); *Contractors Source*, 462 S.W.3d at 133. The summary

judgment did not specify the particular grounds on which it was rendered; therefore, the Hernandezes must defeat all grounds presented in Kroger's motion. *See Ellis*, 68 S.W.3d at 898. Because they did not negate the traditional summary-judgment ground on appeal, we overrule this issue. *See id*.

## II. Motion for continuance

In the "Issues Presented" section of their appellate brief, *see* TEX. R. APP. P. 38.1(f), the Hernandezes state that they are challenging the trial court's denial of their motion for continuance of the summary-judgment hearing. Specifically, that portion of the brief states:

> 5.    Did the Trial Court's orders denying Appellants' verified Motion for Continuance prejudicially deny Appellants' procedural and/or substantive due process of law, including:
>
> 6.    Failures to grant Appellants' timely Motions for continuance and/or to:
>
> >   a.    Obtain long past due discovery under TRCP 194.2; 196; and 197; and to
> >
> >   b.    Conduct additional discovery after Kroger defendants' failed to timely answer and prejudicially delayed Appellants' (1) Requests for Production of documents per TRCP 196, and (2) First Set of Interrogatories per TRCP 197, (served December 19, 2013) and (3) TRCP 194.2 Requests for disclosures, without good cause or excuse extending beyond the two year statute of limitations per CPRC §33, and after the 2011 repeal of CPRC §33.004(e) (effective September 1, 2011), prejudicially delaying Appellants' discovery of the requested, known Krogers' sources of suppliers and supplies of the growers of Kroger's melons and supplying them to Appellee Kroger; and

8

c.     Failing to disclose Jenson Farms and/or Frontera Produce, Ltd., as growers and suppliers to Kroger; and/or

d.     That they were grown outside the U.S.A.

e.     Some Kroger's known Listeria in its melons as of the documented date of sale on or about September 3, 2011.

Beyond this statement of issues presented, the Hernandezes present no legal argument or citations to the record or legal authorities relating to the denial of their motion for continuance.

An appellant's brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(i). This requirement is not satisfied by conclusory statements. *See Anderson v. Houston Cmty. Coll. Sys.*, 458 S.W.3d 633, 650 (Tex. App.—Houston [1st Dist.] 2015, no pet.). A failure to provide substantive analysis of an issue or citations to appropriate authority waives the complaint. *See Cervantes–Peterson v. Tex. Dep't of Fam. & Protective Servs.*, 221 S.W.3d 244, 255 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Because the Hernandezes failed to provide us with substantive legal analysis and citations to authority to support their contentions, we hold that they waived this issue due to inadequate briefing. *See* TEX. R. APP. P. 38.1(i); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994). We overrule this issue.

9

## Conclusion

We affirm the judgment of the trial court.

Michael Massengale
Justice

Panel consists of Justices Massengale, Brown, and Huddle.