In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00151-CV**
_____

**JOSEPH COX, Appellant**

**V.**

**CHEVRON PHILLIPS CHEMICAL COMPANY, LP, Appellee**

**On Appeal from the 163rd District Court**
**Orange County, Texas**
**Trial Cause No. 220065-C**

**MEMORANDUM OPINION**

In this age discrimination suit under the Texas Commission on Human Rights Act (TCHRA), Appellant Joseph Cox (Cox or Appellant) appeals the trial court's summary judgment in favor of Appellee Chevron Phillips Chemical Company, LP (CPChem). *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.012. We affirm.

Cox filed Plaintiff's Amended Petition[1] against CPChem, Singular Resource Solutions LLC (SRS), and JAB Recruitment LLC (JAB) and asserted a claim against the defendants for age discrimination under the TCHRA. According to the petition, Cox "contracted to work for [CPChem] under a two (2) year contract as a Project Engineer, by and through SRS and JAB."[2] On May 10, 2022, the trial court signed an order non-suiting SRS and JAB pursuant to Plaintiff's Notice of Nonsuit and dismissing Cox's claims against SRS and JAB without prejudice. CPChem filed a Traditional and No Evidence Motion for Summary Judgment and argued: (1) CPChem was not Cox's employer under the TCHRA; (2) Cox, by his own admission, has no evidence that CPChem discriminated against him based on his age; (3) Cox cannot meet the elements of a *prima facie* case of age discrimination; and (4) Cox has no evidence that CPChem's legitimate, nondiscriminatory reasons for its actions are pretext for discrimination. On April 21, 2023, the trial court granted the motion for summary judgment without specifying the grounds on which

---

[1] Plaintiff's Amended Petition was the live petition at the time the trial court granted summary judgment in favor of CPChem.

[2] Cox also asserted causes of action against all defendants for retaliation and breach of contract, but after CPChem filed its summary judgment motion and prior to the trial court's order granting CPChem's summary judgment motion, Cox "concede[d] to the dismissal of his retaliation and breach of contract claims[.]" Accordingly, we will not discuss Cox's allegations related to those causes of action or CPChem's arguments in its summary judgment motion in response to those causes of action.

the summary judgment was granted, and the trial court dismissed Cox's claims against CPChem with prejudice. Cox timely filed this appeal.

In his appellate brief, Cox raises two issues in which he asserts that the trial court erred in dismissing his claims because it should have found that Cox had suffered an adverse employment action as a result of his protected class (age) and that Cox's employment was terminated based on pretext for discrimination. In addition to responding to those issues, CPChem suggests in its Appellee's Brief that this Court must affirm the trial court's summary judgment because Cox failed to negate CPChem's ground for summary judgment on the basis that CPChem was not Cox's employer.

"When a summary judgment motion alleges multiple grounds and the order granting summary judgment does not specify the ground on which the summary judgment was rendered, the appellant must challenge and negate each and every basis for summary judgment on appeal." *Nixon Fam. P'ship, LP v. Jet Lending, LLC*, No. 09-20-00201-CV, 2022 Tex. App. LEXIS 5544, at *23 (Tex. App.—Beaumont Aug. 4, 2022, pet. denied) (mem. op.) (citing *Ellis v. Precision Engine Rebuilders, Inc.*, 68 S.W.3d 894, 898 (Tex. App.—Houston [1st Dist.] 2002, no pet.)). According to CPChem, "Cox's Appellant's Brief is devoid of any reference to th[e] foundational requirement" that only an employer may be liable for an unlawful employment practice under the TCHRA "although [that requirement] was fully

3

briefed and argued before the trial court in support of CPChem's Summary Judgment motions[.]" We agree. In his appellate brief, Cox did not address CPChem's argument that CPChem was not Cox's employer.

Because the summary judgment order did not state the grounds upon which the trial court granted summary judgment and Cox has not challenged all independent bases of CPChem's motion for summary judgment on appeal, this Court must affirm the summary judgment. *See id.* at *26; *see also Denmax Energy Servs. v. LightPoint Eng'g, LLC*, No. 09-22-00120-CV, 2024 Tex. App. LEXIS 1742, at *40 n.16 (Tex. App.—Beaumont Mar. 7, 2024, no pet. h.) (mem. op.). We overrule Appellant's issues one and two, and we affirm the trial court's judgment.

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on October 26, 2023
Opinion Delivered April 18, 2024

Before Golemon, C.J., Johnson and Wright, JJ.