NO. 12-09-00353-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

ROBERT L. CLARK,                                                §                      APPEAL
FROM THE 241ST

APPELLANT

 

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT

 

SMITH COUNTY DISTRICT

ATTORNEY’S OFFICE AND

MATT BINGHAM,

APPELLEES                                                 §                      SMITH
COUNTY, TEXAS







MEMORANDUM
OPINION

            Robert
L. Clark appeals the trial court’s denial of his motion to recuse following the
trial court’s summary judgment entered in favor of Appellees Smith County
District Attorney’s Office and Matt Bingham.  Clark raises three issues on
appeal.  We affirm.

 

Background

            Clark
is an inmate.  In May 2006, while incarcerated and proceeding pro se, Clark
filed suit against Appellees alleging sixteen causes of action arising from the
revocation of his community supervision.  Appellees answered and raised, among
other things, the defense of immunity.

            In
September 2008, Clark filed a motion to recuse trial judge Jack Skeen.  In his
motion, Clark argued that Judge Skeen previously was the District Attorney for
Smith County, Texas, and held a close working relationship with Appellees,
which resulted in his being partial to or biased in favor of Appellees in this
case.  Clark further contended that Judge Skeen’s partiality was evidenced by
his refusal to act on several motions Clark had filed.  Judge Skeen referred
the matter to Regional Presiding Judge John Ovard.  Judge Ovard entered an
order denying Clark’s motion to recuse finding it “facially insufficient to
merit a hearing.”

            In
March 2009, Appellees filed a motion for summary judgment.  In their motion,
Appellees argued that the Smith County District Attorney’s office lacked “jural
existence” to be sued and, alternatively, is entitled to Eleventh Amendment
immunity.  Appellees further argued that Bingham was entitled to prosecutorial
immunity and that there is no waiver of immunity under the Texas Tort Claims
Act.[1] 
On June 9, 2009, the trial court granted Appellees’ motion.  On September 29,
2009, the trial court granted Appellees’ motion to sever, and this appeal
followed.

 

Motion to Recuse

            In
three issues, Clark argues that (1) his motion to recuse was erroneously
denied, (2) the motion was improperly denied without a hearing being conducted
on it, and (3) all subsequent actions by Judge Skeen should be nullified as a
result of the errors concerning the denial of Clark’s motion to recuse.[2] 


The
Texas Rules of Civil Procedure provide that a judge shall recuse himself in any
proceeding in which “his impartiality might reasonably be questioned.”  Tex. R. Civ. P. 18b(2)(a); Woodruff
v. Wright, 51 S.W.3d 727, 735–36 (Tex. App.–Texarkana 2001, pet.
denied). We review the denial of a motion to recuse for abuse of discretion.  See
Tex. R. Civ. P. 18a(f); Vickery
v. Vickery, 999 S.W.2d 342, 349 (Tex. 1999) (op. on reh’g); Woodruff,
51 S.W.3d at 736.  The test for abuse of discretion is not whether in the
opinion of the reviewing court the facts present an appropriate case for the
trial court's action; rather, it is a question of whether the court acted without
reference to any guiding rules or principles.  Woodruff, 51
S.W.3d at 736.  The mere fact that a trial court may decide a matter within its
discretionary authority in a different manner than an appellate judge does not
demonstrate such an abuse.  Id.  

In
Clark's motion to recuse, he contended that the trial judge had developed a
close working relationship with Appellees during the time he was the District
Attorney for Smith County.  Clark further alleged that Judge Skeen’s refusal to
act on his discovery motions demonstrated bias.  Rule 18b(2)(a) states that
“[a] judge shall recuse himself in any proceeding in which his impartiality
might reasonably be questioned.”  Tex.
R. Civ. P. 18b(2)(a).  Clark’s basis for recusal is not valid.  Clark
v. City of Tyler, No. 12-08-00458-CR, 2010 WL 3431163, at *3 (Tex.
App.–Tyler Sept. 1, 2010, no pet.); cf. Keene Corp. v. Rogers,
863 S.W.2d 168, 172 (Tex. App.–Texarkana 1993, no writ) (trial judge not
required to recuse self when his son-in-law was a salaried associate of firm
representing party to suit and who had neither financial interest in firm or
direct financial interest in outcome of case); cf. also Liteky v.
U.S., 510 U.S. 540, 542, 554‑56, 114 S. Ct. 1147, 1151, 1157, 127
L. Ed. 2d 474 (1994); Hathorne v. State, 459 S.W.2d 826, 829
(Tex. Crim. App. 1970) (fact that trial judge personally prosecuted appellant
in past cases does not disqualify him from presiding over trial where new
offense is charged).[3] 
Therefore, even assuming the trial judge in the instant case had worked with
Appellees on previous criminal cases, this working relationship alone is not a
ground for recusal.

Further,
Judge Skeen’s failure to act on Clark’s discovery motions is not grounds for
recusal.  Bias and prejudice “connote a favorable or unfavorable disposition or
opinion that is somehow wrongful or inappropriate.”  Ludlow v. DeBerry,
959 S.W.2d 265, 271 (Tex. App.–Houston [14th Dist.] 1997, no pet.) (citing Liteky
v. U.S., 510 U.S. 540, 550, 114 S. Ct. 1147, 1155, 127 L. Ed. 2d.474 (1994)). 
Regarding whether judicial rulings can establish bias, the United States Supreme
Court in Liteky observed that judicial rulings alone almost never
constitute a valid basis for a recusal motion because they cannot possibly show
reliance upon an extrajudicial source and can rarely evidence the degree of
favoritism or antagonism required when no extrajudicial source is involved. See
Liteky, 510 U.S. at 554–56, 114 S. Ct. at 1157.  The Court further
stated that opinions formed by the judge on the basis of facts introduced or
events occurring during proceedings do not constitute a basis for a recusal
motion unless they display a deep-seated favoritism or antagonism that would
make fair judgment impossible. See id.  Applying that logic to
the facts at hand, we hold that Clark’s allegation that Judge Skeen failed to
act on his discovery motion is not proper grounds for recusal because Judge
Skeen’s inaction, without more, does not indicate reliance upon an
extrajudicial source and does not evidence the requisite degree of favoritism
or antagonism.  See id.

Further
still, Rule 18a’s mandate that a hearing be held on a motion to recuse is not
triggered unless the recusal motion states valid grounds for disqualification. 
See Texaco, Inc. v. Pennzoil, Co., 729 S.W.2d 768, 855
(Tex. App.–Houston [1st Dist.] 1987, writ ref’d n.r.e.).  As set forth above,
Clark’s grounds for recusal are not valid.  Consequently, the presiding judge
was not required to hold a hearing on Clark's motion to recuse.  

For
the aforementioned reasons, we hold that Judge Ovard did not abuse his
discretion in denying Clark’s motion to recuse without a hearing.  Clark’s
issues one, two, and three are overruled.

 

Summary Judgment

Even
given their most liberal construction, Clark’s issues do not address the
arguments raised in Appellees’ motion for summary judgment.  When, as here,
there are multiple grounds for summary judgment, and the order does not specify
the ground on which the summary judgment was granted, the appealing party must
negate all grounds on appeal.  See Ellis v. Precision Engine
Rebuilders, Inc., 68 S.W.3d 894, 898 (Tex. App.–Houston [1st Dist.]
2002, no pet.) (citing State Farm Fire & Cas. Co. v. S.S.,
858 S.W.2d 374, 381 (Tex. 1993)).  If summary judgment may have been granted,
properly or improperly, on a ground not challenged on appeal, the judgment must
be affirmed.  See Ellis, 68 S.W.3d at 898.  Here, Clark has
wholly failed to challenge any substantive ground on which summary judgment
could have been granted.  Clark has further failed to assert any general contention
that the trial court erred in granting summary judgment against him.  See
Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970). 
Accordingly, we hold that the trial court’s judgment must be affirmed.  See Ellis,
68 S.W.3d at 898.

 

Disposition

Having
overruled Clark’s issues one, two, and three, we affirm the trial
court’s judgment.

                                                                                                James T. Worthen

                                                                                                        
Chief Justice

 

Opinion delivered August 10,
2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

(PUBLISH)









[1] See Tex. Civ. Prac. & Rem. Code Ann. §§
101.001–.109 (Vernon 2011).

 





[2]
We have construed Clark’s issues liberally in
the interest of justice.  See Walker v. Thornton, 67 S.W.3d 475,
478 (Tex. App.–Texarkana 2002, no pet.).

 





[3] The procedures for recusal of
judges set out in the Texas Rules of Civil Procedure are the same procedures
applied in criminal cases.  See De Leon v. Aguilar, 127
S.W.3d 1, 5 (Tex. Crim. App. 2004).