NO. 12-09-00353-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROBERT L. CLARK,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *SMITH COUNTY DISTRICT ATTORNEY'S OFFICE AND MATT BINGHAM,* *APPELLEES* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Robert L. Clark appeals the trial court's denial of his motion to recuse following the trial court's summary judgment entered in favor of Appellees Smith County District Attorney's Office and Matt Bingham. Clark raises three issues on appeal. We affirm.

## BACKGROUND

Clark is an inmate. In May 2006, while incarcerated and proceeding pro se, Clark filed suit against Appellees alleging sixteen causes of action arising from the revocation of his community supervision. Appellees answered and raised, among other things, the defense of immunity.

In September 2008, Clark filed a motion to recuse trial judge Jack Skeen. In his motion, Clark argued that Judge Skeen previously was the District Attorney for Smith County, Texas, and held a close working relationship with Appellees, which resulted in his being partial to or biased in favor of Appellees in this case. Clark further contended that Judge Skeen's partiality was evidenced by his refusal to act on several motions Clark had filed. Judge Skeen referred the

1

matter to Regional Presiding Judge John Ovard. Judge Ovard entered an order denying Clark's motion to recuse finding it "facially insufficient to merit a hearing."

In March 2009, Appellees filed a motion for summary judgment. In their motion, Appellees argued that the Smith County District Attorney's office lacked "jural existence" to be sued and, alternatively, is entitled to Eleventh Amendment immunity. Appellees further argued that Bingham was entitled to prosecutorial immunity and that there is no waiver of immunity under the Texas Tort Claims Act.[1] On June 9, 2009, the trial court granted Appellees' motion. On September 29, 2009, the trial court granted Appellees' motion to sever, and this appeal followed.

### MOTION TO RECUSE

In three issues, Clark argues that (1) his motion to recuse was erroneously denied, (2) the motion was improperly denied without a hearing being conducted on it, and (3) all subsequent actions by Judge Skeen should be nullified as a result of the errors concerning the denial of Clark's motion to recuse.[2]

The Texas Rules of Civil Procedure provide that a judge shall recuse himself in any proceeding in which "his impartiality might reasonably be questioned." TEX. R. CIV. P. 18b(2)(a); **Woodruff v. Wright**, 51 S.W.3d 727, 735–36 (Tex. App.–Texarkana 2001, pet. denied). We review the denial of a motion to recuse for abuse of discretion. *See* TEX. R. CIV. P. 18a(f); **Vickery v. Vickery**, 999 S.W.2d 342, 349 (Tex. 1999) (op. on reh'g); **Woodruff**, 51 S.W.3d at 736. The test for abuse of discretion is not whether in the opinion of the reviewing court the facts present an appropriate case for the trial court's action; rather, it is a question of whether the court acted without reference to any guiding rules or principles. **Woodruff**, 51 S.W.3d at 736. The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate judge does not demonstrate such an abuse. ***Id.***

In Clark's motion to recuse, he contended that the trial judge had developed a close working relationship with Appellees during the time he was the District Attorney for Smith County. Clark further alleged that Judge Skeen's refusal to act on his discovery motions

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001–.109 (Vernon 2011).

[2] We have construed Clark's issues liberally in the interest of justice. *See* **Walker v. Thornton**, 67 S.W.3d 475, 478 (Tex. App.–Texarkana 2002, no pet.).

demonstrated bias. Rule 18b(2)(a) states that "[a] judge shall recuse himself in any proceeding in which his impartiality might reasonably be questioned." TEX. R. CIV. P. 18b(2)(a). Clark's basis for recusal is not valid. *Clark v. City of Tyler*, No. 12-08-00458-CR, 2010 WL 3431163, at *3 (Tex. App.–Tyler Sept. 1, 2010, no pet.); *cf. Keene Corp. v. Rogers*, 863 S.W.2d 168, 172 (Tex. App.–Texarkana 1993, no writ) (trial judge not required to recuse self when his son-in-law was a salaried associate of firm representing party to suit and who had neither financial interest in firm or direct financial interest in outcome of case); *cf. also Liteky v. U.S.*, 510 U.S. 540, 542, 554-56, 114 S. Ct. 1147, 1151, 1157, 127 L. Ed. 2d 474 (1994); *Hathorne v. State*, 459 S.W.2d 826, 829 (Tex. Crim. App. 1970) (fact that trial judge personally prosecuted appellant in past cases does not disqualify him from presiding over trial where new offense is charged).[3] Therefore, even assuming the trial judge in the instant case had worked with Appellees on previous criminal cases, this working relationship alone is not a ground for recusal.

Further, Judge Skeen's failure to act on Clark's discovery motions is not grounds for recusal. Bias and prejudice "connote a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate." *Ludlow v. DeBerry*, 959 S.W.2d 265, 271 (Tex. App.– Houston [14th Dist.] 1997, no pet.) (citing *Liteky v. U.S.*, 510 U.S. 540, 550, 114 S. Ct. 1147, 1155, 127 L. Ed. 2d.474 (1994)). Regarding whether judicial rulings can establish bias, the United States Supreme Court in *Liteky* observed that judicial rulings alone almost never constitute a valid basis for a recusal motion because they cannot possibly show reliance upon an extrajudicial source and can rarely evidence the degree of favoritism or antagonism required when no extrajudicial source is involved. *See Liteky*, 510 U.S. at 554–56, 114 S. Ct. at 1157. The Court further stated that opinions formed by the judge on the basis of facts introduced or events occurring during proceedings do not constitute a basis for a recusal motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. *See id.* Applying that logic to the facts at hand, we hold that Clark's allegation that Judge Skeen failed to act on his discovery motion is not proper grounds for recusal because Judge Skeen's inaction, without more, does not indicate reliance upon an extrajudicial source and does not evidence the requisite degree of favoritism or antagonism. *See id.*

---

[3] The procedures for recusal of judges set out in the Texas Rules of Civil Procedure are the same procedures applied in criminal cases. *See De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004).

Further still, Rule 18a's mandate that a hearing be held on a motion to recuse is not triggered unless the recusal motion states valid grounds for disqualification. *See Texaco, Inc. v. Pennzoil, Co.*, 729 S.W.2d 768, 855 (Tex. App.–Houston [1st Dist.] 1987, writ ref'd n.r.e.). As set forth above, Clark's grounds for recusal are not valid. Consequently, the presiding judge was not required to hold a hearing on Clark's motion to recuse.

For the aforementioned reasons, we hold that Judge Ovard did not abuse his discretion in denying Clark's motion to recuse without a hearing. Clark's issues one, two, and three are overruled.

## SUMMARY JUDGMENT

Even given their most liberal construction, Clark's issues do not address the arguments raised in Appellees' motion for summary judgment. When, as here, there are multiple grounds for summary judgment, and the order does not specify the ground on which the summary judgment was granted, the appealing party must negate all grounds on appeal. *See Ellis v. Precision Engine Rebuilders, Inc.*, 68 S.W.3d 894, 898 (Tex. App.–Houston [1st Dist.] 2002, no pet.) (citing *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 381 (Tex. 1993)). If summary judgment may have been granted, properly or improperly, on a ground not challenged on appeal, the judgment must be affirmed. *See Ellis*, 68 S.W.3d at 898. Here, Clark has wholly failed to challenge any substantive ground on which summary judgment could have been granted. Clark has further failed to assert any general contention that the trial court erred in granting summary judgment against him. *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970). Accordingly, we hold that the trial court's judgment must be affirmed. *See Ellis*, 68 S.W.3d at 898.

## DISPOSITION

Having overruled Clark's issues one, two, and three, we ***affirm*** the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered August 10, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

4