**Opinion issued January 27, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00281-CV

———————————

**FORREST LAKE TOWNHOUSE ASSOCIATION, INC., Appellant**

**V.**

**BILLY B. MARTIN, Appellee**

---

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Case No. 2012-72008**

---

## MEMORANDUM OPINION

This is a dispute between a homeowner and his neighborhood homeowners'

association. In three issues, Forrest Lake Townhouse Association appeals summary

judgment on its lawsuit for damages and injunctive relief against homeowner Billy

Martin for flying the American flag in violation of the HOA's guidelines. We affirm.

## Background

Martin owns a townhome in Forrest Lake Townhomes, a residential development. Martin's home has a recessed front porch. A small front yard, which is part of the common property of the development, separates the porch from the road.

Martin flies the American flag on a flagpole in front of his house. Martin has attached the flagpole to a beam that extends a few inches beyond the porch into the front yard. He has anchored the other end of the beam to his porch by placing it under a wooden bench, which is weighted down with cinder block. Neither the beam nor the flagpole touches the ground in front of the porch.

The HOA filed this lawsuit to enjoin Martin from displaying the flag in this manner. Martin moved for traditional and no-evidence summary judgment; the trial court granted Martin's motion without specifying the grounds upon which it granted summary judgment. The HOA timely appealed.

## Summary Judgment

In three issues, the HOA contends that the trial court erred when it granted Martin's motion for summary judgment.

## A. Standard of review

We review a trial court's grant of summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Traditional summary judgment is proper if, having viewed all of the evidence in the light most favorable to the non-movant, there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014). To prevail on a motion for traditional summary judgment, a defendant-movant must conclusively negate at least one element of each of the plaintiff's causes of action or establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). In reviewing a no-evidence summary judgment, we determine whether the non-movant produced more than a scintilla of probative evidence to raise a genuine issue of material fact for each challenged element. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *see* TEX. R. CIV. P. 166a(i).

## B. The Freedom to Display the Flag Act

Martin contends that the HOA may not prevent him from displaying his flag under the federal Freedom to Display the American Flag Act, as well as the Texas state law. *See* Freedom to Display the American Flag Act of 2005, Pub. L. No.

109-243, 120 stat. 572 (2005); 4 U.S.C.A. § 5 note; Tex. Prop. Code Ann. § 202.012. The Flag Act says:

> A condominium association, cooperative association, or residential real estate management association may not adopt or enforce any policy, or enter into any agreement, that would restrict or prevent a member of the association from displaying the flag of the United States on residential property within the association with respect to which such member has a separate ownership interest or a right to exclusive possession or use.

4 U.S.C.A. § 5 note § 3. According to Martin, the HOA is prohibited from restricting his display of the flag because: (1) the HOA qualifies as a "condominium association," "cooperative association," or "residential real estate management association" as those terms are defined by the Act; (2) Martin is a "member" of the HOA, as that term is defined by the Act; and (3) he displays his flag on residential property for which he "has a separate ownership interest or a right to exclusive possession or use." *See id.* He concedes that the Flag Act allows the HOA to place "reasonable restriction[s]" on displaying the American flag "necessary to protect a substantial interest of the [HOA]." *Id.* § 5 note § 4.

Martin flies the flag of the United States from a flagpole suspended above his front yard (the HOA's property). The flagpole is attached to a beam anchored (but not affixed) to his front porch (Martin's private property). At oral argument, the HOA contended that this display does not meet the "separate ownership interest or a right to exclusive possession or use" requirement. It also argued that

4

the flagpole was a safety hazard, and thus the HOA was acting to protect the safety of its residents.

## C.      Martin's summary-judgment motion

We need not decide whether the Flag Act bars the HOA from enforcing its guideline regarding flag display because the HOA failed to challenge summary judgment under the Flag Act in its response to Martin's motion and in its brief. "When the trial court does not specify the basis for its summary judgment, the appealing party must show it is error to base it on any ground asserted in the motion." *Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995). "If summary judgment may have been rendered, properly or improperly, on a ground not challenged, the judgment must be affirmed." *Ellis v. Precision Engine Rebuilders, Inc.*, 68 S.W.3d 894, 898 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *accord Miner Dederick Const., LLP v. Gulf Chem. & Metallurgical Corp.*, 403 S.W.3d 451, 463 (Tex. App.—Houston [1st Dist.] 2013, pet. denied).

Martin's motion discusses the Flag Act at the beginning of the "argument and analysis" section. The motion asserts:

> Both federal and state law in Texas take a dim view of efforts to restrict the display of the flag of the United States. In 2005, the United States Congress enacted the Freedom to Fly the American Flag Act, Public Law 109-243, 120 Stat. 572, (the "Act"). The Act was signed into law by the signature of former President George W. Bush. In relevant part, the Act reads:

> A condominium association, cooperative association, or residential real estate management association may not adopt or enforce any policy, or enter into any agreement, that would restrict or prevent a member of the association from displaying the flag of the United States on residential property within the association with respect to which such member has a separate ownership interest or a right to exclusive possession or use.

> As stated in the preamble to the Act, the intent of the Act is "To ensure that the right of an individual to display the flag of the United States of America on residential property not be abridged." *Id*. It is undisputed in this case that the Defendant's front porch is residential property in which he has a separate ownership interest or a right to exclusive possession or use.

> The Plaintiff's efforts in this lawsuit *also* violate Tex. Prop. Code § 202.011 . . . .

(Emphasis supplied).

The portion of the motion quoted above can be fairly read to constitute an entirely self-contained legal argument for summary judgment against the HOA's attempt to enforce deed restrictions by forcing Martin to remove his American flag. The intent to include the federal law as one specific ground is also indicated by the transition sentence stating that the HOA's petition "also" violated state law. Moreover, the motion ends with a "conclusion and prayer" that argues "the display of our national flag is understandably given great deference by both federal and state law."

Therefore, we conclude that the motion sufficiently raises the Flag Act as a possible ground for summary judgment. The trial court did not specify on which

grounds it granted summary judgment. Because the HOA failed to challenge this possible ground for granting summary judgment, we must affirm the judgment. We therefore overrule the HOA's three issues.

## Conclusion

We affirm the judgment of the trial court.


Harvey Brown
Justice

Panel consists of Justices Massengale, Brown, and Huddle.