

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00008-CV

Sean **MCNAMARA**,
Appellant

v.

Edward A. **BARTOLOMEI** and Edward A. Bartolomei, PLLC,
Appellees

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2024CI03955
Honorable Antonia Arteaga, Judge Presiding

Opinion by:      Adrian A. Spears II, Justice

Sitting:         Irene Rios, Justice
                 Lori Massey Brissette, Justice
                 Adrian A. Spears II, Justice

Delivered and Filed: March 11, 2026

AFFIRMED

Sean McNamara appeals the trial court's summary judgment in favor of Edward A. Bartolomei and Edward A. Bartolomei, PLLC (collectively "Bartolomei"). On appeal, McNamara argues that the trial court erred in granting summary judgment on the affirmative defense of attorney immunity. We affirm.

McNamara sued Bartolomei, his former attorney, for defamation per se, alleging that Bartolomei made a false statement in a court-ordered response to McNamara's application for

post-conviction writ of habeas corpus. Specifically, McNamara alleged in his original petition that Bartolomei's statement in the response that McNamara had been previously convicted of aggravated sexual assault of a child was false. McNamara alleged that while he had been placed on deferred adjudication for aggravated sexual assault of a child, he had never been adjudicated guilty. McNamara further alleged that Bartolomei made this false statement in the response with malice.

Bartolomei filed an answer asserting the affirmative defense of attorney immunity and the judicial proceedings privilege. Bartolomei then moved for traditional summary judgment on both grounds, attaching as summary judgment evidence his sworn response to McNamara's application for post-conviction writ of habeas corpus. McNamara filed a response to Bartolomei's motion for summary judgment, arguing that because Bartolomei had "made a false statement in an affidavit during a judicial proceeding," his "attorney privilege [was] lost." McNamara further argued that communications in the course of judicial proceedings are not privileged when made with malice. The trial court granted summary judgment in favor of Bartolomei and ordered that McNamara take nothing on his claims.

On appeal, McNamara argues that the trial court erred (1) in granting summary judgment "based solely on the attorney privilege defense without considering evidence of actual malice"; (2) "in determining that attorney immunity is absolute even when statements are made with actual malice or reckless disregard for the truth"; and (3) "in finding that attorney privilege applies when an attorney's statements are made with reckless disregard for the truth and relate to the attorney's own conduct in a habeas corpus proceeding." In response, Bartolomei argues that we must affirm the summary judgment because McNamara has not attacked both grounds that form the basis of the trial court's summary judgment. Specifically, Bartolomei emphasizes that McNamara in his

brief attacked only the affirmative defense of attorney immunity and did not attack the judicial-proceedings privilege. We agree with Bartolomei.

"When there are multiple grounds for summary judgment and the order does not specify the ground on which the summary judgment was rendered, the appealing party must negate all grounds on appeal." *Ellis v. Precision Engine Rebuilders, Inc.*, 68 S.W.3d 894, 898 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (citing *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 381 (Tex. 1993)). "If summary judgment may have been rendered, properly or improperly, on a ground not challenged, the judgment must be affirmed." *Id*. "The 'judicial-proceedings privilege' and 'attorney immunity' are 'independent [defenses] serving independent purposes.'" *Landry's, Inc. v. Animal Legal Defense Fund*, 631 S.W.3d 40, 46 (Tex. 2021) (quoting *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 485 n.12 (Tex. 2015)) (alteration in original). Here, as the trial court's order did not specify the grounds upon which it relied in granting Bartolomei's motion for summary judgment, McNamara was required in his brief to challenge both attorney immunity and the judicial-proceedings privilege. *See Britton v. Tex. Dep't of Crim. Just.*, 95 S.W.3d 676, 681-82 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *Ellis*, 68 S.W.3d at 898. Because McNamara failed to raise any issue with respect to the judicial-proceedings privilege, we must affirm the judgment on the judicial-proceedings privilege. *See Ellis*, 68 S.W.3d at 898.

Moreover, even if McNamara had brought an issue with respect to the judicial-proceedings privilege, we hold that the trial court did not err in granting summary judgment. We review the granting of summary judgment de novo. *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017); *see* TEX. R. CIV. P. 166a(c). It is undisputed that Bartolomei made the alleged defamatory statement in an affidavit that was part of a court-ordered response to McNamara's application for post-conviction writ of habeas corpus. "The judicial-proceedings

privilege is straightforward: 'Communications in the due course of a judicial proceeding will not serve as the basis of a civil action for libel or slander, *regardless of the negligence or malice with which they are made*.'" *Landry's*, 631 S.W.3d at 46 (quoting *James v. Brown*, 637 S.W.2d 914, 916 (Tex. 1982)) (emphasis added); *see also Strickland v. iHeartMedia*, 665 S.W.3d 739, 741 (Tex. App.—San Antonio 2023, pet. denied) (explaining that "statements made in a judicial proceeding are privileged against defamation claims," including "statements made in written pleadings"). We thus hold the trial court did not err in granting summary judgment on the judicial-proceedings privilege.

The judgment of the trial court is affirmed.

Adrian A. Spears II, Justice